Gary Lee **RICHARDS**, a/k/a Gary Lee Hardin, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 964.

Supreme Court of Alaska.

Feb. 24, 1969.

---

Howard Staley, Fairbanks, for appellant.

Fred Crane, Acting Dist. Atty., Bertha Mary Morse, Asst. Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

DIMOND, Justice.

Appellant was convicted of two escapes from custody or confinement under a statute which makes it a punishable offense for one

> to escape from * * * a jail or institution in which he is * * * confined by direction of a court in this state * * *.[1]

The scene of the escape was the state jail at Fairbanks, where appellant had been an inmate by reason of a prior conviction of burglary. On this appeal appellant contends that since the judgment and commitment for the burglary conviction did not designate the Fairbanks jail as the place of confinement where appellant was to serve his three year sentence of imprisonment, he was not confined in that particular jail "by direction of a court", within the meaning of the escape statute. From this appellant argues that his conviction cannot stand because the state has failed to prove an essential element of the crime of escape, viz —that the jail where he was confined and from which he escaped was a jail specifically designated by a court following his burglary conviction.

Under the judgment and commitment for the burglary conviction appellant was "committed to the custody of the Commissioner of Health and Welfare of the State of Alaska or his authorized representative for a

---

1. AS 11.30.090.

period of three (3) years." The fact that a particular jail facility was not designated by the sentencing court is in accord with statute. AS 33.30.100 provides that "The commissioner [of the Department of Health and Welfare] shall designate the facility where the sentence shall be served."

■ We do not construe the escape statute, AS 11.30.090, as implicitly conferring upon a court the authority to designate a jail facility, where that authority is plainly vested in someone else. The statute need not be so construed. It does not speak of a jail or institution in which one is confined as "designated" or "specified" by a court. Rather it speaks of a jail or institution where one is confined "by direction" of a court. The court "directs" when it enters its judgment and commitment. The "direction" is that one be committed to the custody of the Commissioner of Health and Welfare for a specified period of time. That direction is followed by the commissioner when he, as provided by law, designates the jail facility where the period of commitment is to be served. When the prisoner arrives at such jail, he is then confined in a facility as designated by the commissioner, under direction of the court. He is thus confined there "by direction of the court", within the meaning of the escape statute.

■ It was established that appellant was convicted of burglary, was committed to the custody of the Commissioner of Health and Welfare for a period of three years by reason of such conviction, was placed in the Fairbanks jail as designated by the commissioner under such judgment and commitment, and left that jail without lawful authority before his sentence had been served. This was proof of the essential elements of the crime of escape from custody or confinement. Appellant's convictions of that offense must stand.

There were three separate escapes. One took place on November 4, 1967, and was the subject of an indictment under which appellant was tried and found guilty. The other two escapes were the subject of a separate indictment containing two counts —one pertaining to an escape on August 22, 1967, and the other to an escape on September 9, 1967. On the trial of this two-count indictment, appellant was found guiltw as to Count I and not guilty as to Count II. Appellant maintains that the trial court erred in not ordering separate trials for each of the two counts.

Charging two or more offenses in the same indictment is permitted by Criminal Rule 8(a).[2] But if a defendant will be prejudiced by the trial of two or more offenses at the same time, relief is available to him by way of separate trials ordered pursuant to Criminal Rule 14.[3] It has been said, in speaking of the federal counterpart of this rule,[4] that "the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear."[5]

■ But prejudice must be shown before we may reverse on the ground that the trial judge erred or abused his discretion in failing to order separate trials of the

2. Crim.R. 8(a) provides:
    Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies, misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

3. Crim.R. 14 provides in part:
    If it appears that a defendant or the state is prejudiced by a joinder

of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.

4. Rule 14, Federal Rules of Criminal Procedure is identical with our Crim.R. 14.

5. Schaffer v. United States, 362 U.S. 511, 516, 80 S.Ct. 945, 4 L.Ed.2d 921, 925 (1960).

two counts in the indictment: The reason is that we must recognize a valid governmental interest in the convenience of trying at the same time different crimes against the same person.[6]

▬▬ There is no specific showing of prejudice here. All that appellant does is to assert that he was prejudiced by the trial together of the two counts because this created in the jurors' minds the image of appellant's criminal disposition toward escaping from jail. This is insufficient. Such a general assertion of prejudice could be made in any case where two or more offenses against the same person are tried at the same time. A more particularized showing is required. That has not been done by appellant, and our independent review of the record reveals no such prejudice.

The judgment is affirmed.

6. Mead v. State, 445 P.2d 229, 234 (Alaska 1968); Spencer v. Texas, 385 U.S. 554, 562, 87 S.Ct. 648, 17 L.Ed.2d 606, 613 (1967).