Argued and submitted April 19, 2007, at Crook County High School, Prineville; affirmed August 15, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBIN LEE WITTWER,
*Defendant-Appellant.*

Coos County Circuit Court
04CR0745, 04CR0820, 04CR0823;
A125794 (Control), A125795, A125796

166 P3d 564

John L. Susac, Deputy Public Defender, argued the cause for appellant. On the brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Mary Shannon Storey, Deputy Public Defender, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy

Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

SERCOMBE, J.

**SERCOMBE, J.**

The issue in this case is whether various criminal charges were properly consolidated for trial under ORS 132.560. Defendant appeals some of the resulting convictions, contending that the charges against him were insufficiently related and joined under ORS 132.560(1). We review the trial court's interpretation and application of ORS 132.560 for legal error. *State v. Thompson*, 328 Or 248, 256, 971 P2d 879 (1999). We affirm.

Defendant had a physical altercation with his live-in companion, Hess, on May 10, 2004. Hess testified that she and defendant had argued much of that day. While Hess was chopping vegetables with a knife, defendant grabbed the knife and threatened her with it. Defendant was arrested and charged with unlawful use of a weapon, ORS 166.220; harassment, ORS 166.065; and menacing, ORS 163.190.

The next morning, defendant was released from jail after signing a release agreement. The release agreement obligated him to appear for a May 14, 2004, arraignment. Defendant did not attend the arraignment and was charged with failure to appear under ORS 162.205.

Hess testified about the altercation before a grand jury on May 25, 2004. Defendant drove Hess to the courthouse for that hearing. After the hearing, on the way back to defendant's mother's house, the couple argued about the substance of Hess's testimony. Defendant steered the car erratically, swerving wildly and driving the car off the road. After the couple arrived at his mother's home, the dispute continued. Defendant and Hess scuffled at the mother's house, and defendant struck Hess on the back. The couple later physically fought in the car. Hess stated that defendant "whacked" her in the jaw, pulled her hair, and hit her on the back in retaliation for her grand jury testimony. As a result of the May 25, 2004, events, defendant was charged with assault in the fourth degree, ORS 163.160; harassment, ORS 166.065; and menacing and recklessly endangering another person, ORS 163.195. While incarcerated on those charges, defendant frequently called his mother and Hess and told them not to appear at his trial.

Defendant opposed the state's motion to consolidate the trial of all of those charges. The motion was granted. The trial court treated defendant's opposition to consolidation also as a motion to sever the consolidated charges under ORS 132.560(3). The court denied that motion, finding a lack of "substantial prejudice" by the joinder of the offenses. Following a trial by jury, defendant was convicted of harassment for the May 10 incident; failure to appear at the May 14 hearing; and menacing and recklessly endangering another person based on his conduct on May 25.

On appeal, defendant assigns error to the order consolidating the charges. He reasons that the failure to appear charge is unrelated to either the May 10 or May 25 set of charges and that the joinder of all of the charges violates ORS 132.560, which provides, in part:

"(1) A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b) Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character;

"(B) Based on the same act or transaction; or

"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"* * * * *

"(3) If it appears, upon motion, that the state or defendant is substantially prejudiced by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."

The charges related to the May 10 and May 25 altercations between defendant and Hess were "of the same or similar character" under ORS 132.560(1)(b)(A). Defendant does not quibble with their joinder. Instead, he argues that the May 14 failure to appear charge bears an insufficient

relationship to either the May 10 or the May 25 group of charges to allow its joinder with either set of charges under the statute. Both parties agree that the failure to appear charge is not of the "same or similar character" or "based on the same act or transaction" as the other charges and that its joinder with those charges is not justified under ORS 132.560(1)(b)(A) and (B).

The issue, then, is whether the offenses joined with the failure to appear charge are "[b]ased on two or more acts or transactions connected together or constituting parts of a common scheme or plan" under ORS 132.560(1)(b)(C). In *State v. Johnson*, 199 Or App 305, 111 P3d 784 (2005), this court interpreted ORS 132.560(1)(b)(C) to preclude joinder of controlled substance and felony murder charges because the joined counts were not "logically related" and did not involve a "large area of overlapping proof." 199 Or App at 317.

The state argues that defendant's failure to appear evidences consciousness of guilt of the charges related to the May 10 events and is "connected together" with those charges for that reason. The better argument advanced by the state is that the failure to appear is properly joined with the charges related to the May 25 events because defendant's actions in both cases sought to evade responsibility for the May 10 charges. It can be inferred that defendant's aggression toward Hess on May 25 was intended to both retaliate for her grand jury testimony and deter similar testimony at trial. Defendant's later entreaties to Hess not to appear at trial continued that scheme.

The "common scheme or plan" in the failure to appear and the May 25 actions to intimidate Hess is to avoid accountability for defendant's actions on May 10. In failing to appear to answer the May 10 charges, defendant sought to escape blame for their commission. In menacing and endangering Hess on May 25, defendant sought to dodge the consequences of his May 10 actions. The charges from the May 25 fracas are "logically related" to the failure to appear charge because both sets of charges spring from the May 10 events. Proof of the charges related to the May 10 events is necessary to prove the failure to appear charge and to explain the context and motivation for the May 25 events. The failure

to appear charge and the charges from defendant's actions on May 25 are logically related and involve substantial overlapping proof.

Thus, the failure to appear charge was properly joined with the other charges under ORS 132.560(1)(b)(C). Defendant did not separately claim that the trial court erred in ruling that no "substantial prejudice" resulted from the joinder of the charges under ORS 132.560(3), so we do not address that issue.

Affirmed.