**David W. GUTHRIE II, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–10354.

Court of Appeals of Alaska.

Jan. 15, 2010.

---

Sharon B. Barr, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Nicholas Polasky, Assistant District Attorney, and Stephen R. West, District Attorney, Ketchikan, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

In May 2008, David W. Guthrie II was charged with fourth-degree assault, and he was released on bail pending his trial in the Ketchikan district court. While on bail during the months of May, June, July, and August, Guthrie appeared in court for several pre-trial proceedings—including a proceeding on August 1st, at which time the district court scheduled Guthrie's trial for August 20th, with a pre-trial "calendar call" scheduled for August 15th.

(A "calendar call" is a court proceeding at which the parties apprise the court either (1) that they are ready for the scheduled trial, or (2) that the trial will not be necessary because the case has been resolved, or (3) that the trial must be rescheduled for some reason.)

Guthrie did not come to court for the August 15th calendar call, and District Court Judge Kevin G. Miller issued a bench warrant for Guthrie's arrest. However, this warrant was apparently never served. Six days later, on August 21st, Guthrie appeared in court with his attorney and asked Judge Miller to quash the warrant. The prosecutor did not oppose this request. Judge Miller quashed the warrant, and the judge apparently allowed Guthrie to remain at liberty under the same bail release conditions as before, although he advised Guthrie to keep in better contact with his attorney.

Based on this incident, the State filed an additional charge against Guthrie: misdemeanor failure to appear, AS 12.30.060(2). This statute makes it a crime for a misdemeanor defendant to "knowingly fail[ ] to appear before a court or judicial officer as required". The State charged that Guthrie knowingly failed to appear in the district court for his calendar call on August 15th.

After the State indicated its intention to consolidate the trial of the fourth-degree assault and failure to appear charges, Guthrie asked the district court to sever the charges. The district court denied this request.

Guthrie went to trial in November 2008, and the jury convicted him of both offenses.

In this appeal, Guthrie argues that the district court should have granted his request for separate trials of the two charges. In addition, Guthrie argues that the evidence presented at his trial is legally insufficient to support his conviction for failure to appear.

We agree with Guthrie that the evidence is not sufficient to support his conviction for failure to appear. The State's evidence showed that Guthrie was present in court when Judge Miller scheduled the calendar call for August 15, 2008, and the State's

evidence showed that Guthrie did not appear in court for that calendar call, but the State presented no evidence that Guthrie was required to attend the calendar call. Thus, the evidence was insufficient to prove that Guthrie knowingly failed to appear in court "as required".

With regard to the remaining issue on appeal, we conclude that we need not decide whether it was proper to join the assault charge and the failure to appear charge in a single trial. Rather, we conclude that even if the joinder of the two charges was improper, there is no reason to believe that this error affected the jury's verdict on the assault charge. We therefore affirm this portion of the district court's judgement.

*Why we conclude that the evidence presented at Guthrie's trial is not sufficient to support his conviction for failure to appear*

[1, 2]   As we explained above, the failure to appear statute, AS 12.30.060, defines this offense as "knowingly fail[ing] to appear before a court or judicial officer as required". The State alleged that Guthrie knowingly failed to appear for his calendar call on August 15th. To prove this charge, the State had to present evidence (1) that Guthrie was required to attend the calendar call on August 15th, and (2) that he made a deliberate, conscious decision not to attend. *See Moffitt v. State,* 207 P.3d 593, 595 (Alaska App.2009).

Even assuming that the State's evidence was sufficient to establish the second element (that Guthrie made a deliberate, conscious decision not to attend the calendar call), the State failed to present any evidence on the first element (that Guthrie was required to attend the calendar call in the first place).

The State's evidence relating to the failure to appear charge was cursory. The prosecutor presented the testimony of the Ketchikan Clerk of Court, who had no personal knowledge of the events in Guthrie's case, but who instead described the contents of the log notes kept by an in-court clerk during the district court proceedings of August 1st and August 15th. (The log notes themselves were not introduced into evidence.)

According to the court clerk's description of the log notes, (1) Guthrie was present in court on August 1st when Judge Miller scheduled the calendar call in Guthrie's case for August 15th, and (2) Guthrie did not come to court for this calendar call. Here is the relevant portion of the clerk's testimony on direct examination:

*Prosecutor:* Looking ... at Plaintiff's [Exhibit] 1—do you know what that document is?

*Clerk:* This is a certified copy of a "log note".... [A] log note is [a document] that's created by the in-court clerks.... It is [the clerk's] interpretation of what happened on [the] record in the courtroom.

. . .

*Prosecutor:* Okay.... [And] what case is that document referring to? Is it referring to *State versus David Guthrie?*

*Clerk:* According to the [document], it is.

*Prosecutor:* And on what date did [the] hearing [reflected in the log note] take place?

*Clerk:* On August 1, 2008.

*Prosecutor:* Was Mr. Guthrie present [in court on August 1st], according to what you see in the [log] note there?

*Clerk:* The log note indicates that he was present.

*Prosecutor:* Did—were future court dates set?

*Clerk:* Yes.

*Prosecutor:* What was the next court date?

*Clerk:* Calendar call for 8/15/08.

*Prosecutor:* And what's a "calendar call"?

*Clerk:* It's where the parties get together to see if the trial is going to go.

*Prosecutor:* Okay—[to] see if, in fact, there will be a jury trial?

*Clerk:* Correct.

*Prosecutor:* When was the jury trial set in this case?

*Clerk:* For 8/20.

*Prosecutor:* Okay. So you need a calendar call [on] one day to see if you're, in

fact, going to have the jury trial that's scheduled for a few days later?

*Clerk:* That's correct.

*Prosecutor:* And what date was the calendar call set for?

*Clerk:* 8/15.

*Prosecutor:* Okay. Turning to Plaintiff's [Exhibit] 2, [does] that reference the case [of] *State of Alaska versus David Guthrie?*

*Clerk:* Yes, it does: the same case number.

*Prosecutor:* And ... what date [is reflected in] that log note?

*Clerk:* It was created on 8/15.

*Prosecutor:* Was Mr. Guthrie present?

*Clerk:* The log note indicates he was not.

*Prosecutor:* That's all the questions I have.

In other words, the State's case (viewed in the light most favorable to upholding the verdict) consisted solely of the facts that Guthrie was present at a court proceeding on August 1st, at which time Judge Miller scheduled a calendar call for August 15th, and that Guthrie did not return to court on August 15th.

We express no opinion on whether the law allows a jury to infer, solely from the fact that a defendant failed to attend a scheduled court hearing of which the defendant had knowledge, that the defendant made a deliberate, conscious decision not to come to court. We need not decide this issue because the State failed to present any evidence on another element of the crime: that Guthrie was legally required to attend the August 15th calendar call.

As we explained earlier, the "calendar call" in Guthrie's case was an administrative device designed to give the judge advance warning if the parties believed that the trial should not go forward as scheduled. As described in the Clerk of Court's testimony, at this calendar call, the parties either announced themselves ready to proceed with

the trial on the scheduled date, or they explained why they believed that a trial would not be needed, or why the trial should be rescheduled.

Given the limited purpose of the calendar call in Guthrie's case, it appears that no one expected matters of substance to be discussed, much less decided, at this calendar call. Indeed, neither the public defender nor the district attorney assigned to Guthrie's case attended the August 15th calendar call. Instead, both of these attorneys arranged for colleagues in their respective offices to appear at the calendar call on their behalf. We further note that calendar calls are not among the proceedings listed in Alaska Criminal Rule 38(a) that require the defendant's presence.[1]

In short, this calendar call was not the type of proceeding where one could simply assume that the defendant's personal presence was required.

We concede the possibility that Judge Miller might have ordered Guthrie to attend the calendar call—either by specifically directing him to be present in court on August 15th for the calendar call, or by issuing a pre-trial order that required Guthrie to attend all court proceedings unless he was specifically excused from attending. But if Judge Miller did issue such an order, the jury heard nothing about it.

The State presented no evidence regarding Guthrie's obligation (or lack of obligation) to attend the August 15th calendar call. The State simply presented evidence that Guthrie did not attend. Thus, the State failed to offer any evidence on an essential element of the failure to appear charge: the element that Guthrie failed to appear in court "as required".

At the oral argument in this appeal, the State suggested that even though it failed to present any affirmative evidence concerning Guthrie's obligation to attend the calendar call on August 15th, it would nevertheless be reasonable for the jury to infer, from the fact

1. Alaska Criminal Rule 38(a) states: "The defendant shall be present at the arraignment, at the preliminary hearing, at the time of plea, at the omnibus hearing, and at every stage of the trial, including the impaneling of the jury and [the] return of the verdict, and at the imposition of sentence, [unless] otherwise provided in [section (b) or (c) of] this rule."

that Guthrie attended other court proceedings in his case, that he was obligated to attend the calendar call. We do not agree.

Even in the absence of legal compulsion to attend a court proceeding, a defendant might come to court because they are interested in observing the proceedings in their case. But the mere fact that the defendant has attended one or more earlier proceedings does not give rise to a legal obligation to attend all later proceedings.

The State could be arguing that one might reasonably infer, merely from the fact that Guthrie attended several earlier court proceedings in his case, that Guthrie must have been legally required to attend all of the court proceedings in his case. This argument founders on the fact that the State introduced no evidence to suggest that Guthrie's *earlier* court appearances arose from a legal obligation to attend. Because the jury had no evidentiary basis for concluding that Guthrie's earlier court appearances demonstrated the existence of a legal obligation to attend those earlier proceedings, the jury had no basis for concluding, based solely on Guthrie's attendance at these earlier proceedings, that Guthrie had a legal obligation to attend any other court proceedings.

For these reasons, we conclude that the evidence introduced at Guthrie's trial was not sufficient to support his conviction for failure to appear.

*Whether the joinder of the two charges in a single trial prejudiced Guthrie*

[3] Although we have concluded that Guthrie's conviction for failure to appear must be reversed, we must also decide whether the jury's consideration of the fourth-degree assault charge was rendered unfair by the fact that the jury heard the failure to appear charge in the same combined trial.

On the issue of whether a subsequent charge of failure to appear can be joined for trial with the initial charges brought against the defendant, the State argues that any failure to appear charge is necessarily "connected together" with the initial charges, and thus joinder is always proper under Alaska Criminal Rule 8(a)(3). We are not sure.

Many judicial decisions suggest or hold that, in circumstances like Guthrie's case, it is improper to jointly try a failure to appear charge with the other charges that were initially filed against a defendant. These court decisions indicate that joinder is improper when the only "connection" between the failure to appear charge and the initial charges is that the failure to appear charge is based on the defendant's failure to attend a court proceeding involving the initial charges. Under this approach, joinder of the failure to appear charge is appropriate only when the circumstances surrounding the defendant's failure to appear affirmatively suggest that the defendant was actively attempting to avoid prosecution for the initial charges (and thus manifesting a consciousness of guilt).

*See United States v. Gabay,* 923 F.2d 1536, 1539–40 (11th Cir.1991); *United States v. Ritch,* 583 F.2d 1179, 1181 (1st Cir.1978) (both construing Federal Criminal Rule 8(a), which is substantially similar to Alaska Criminal Rule 8(a)); *Brown v. United States,* 718 A.2d 95, 102 (D.C.App.1998); *State v. Weathers,* 339 N.C. 441, 451 S.E.2d 266, 269 (1994); *State v. Wittwer,* 214 Or.App. 459, 166 P.3d 564, 566 (2007) (all construing state joinder rules identical or substantially similar to Alaska Criminal Rule 8(a)). *But see State v. Bryant,* 89 Wash.App. 857, 950 P.2d 1004, 1010 (1998) (upholding joinder of a failure to appear charge even though the circumstances did not indicate an intent to flee or otherwise avoid prosecution).

Among the jurisdictions that follow the majority rule (*i.e.,* jurisdictions that do not allow joinder of the failure to appear charge unless the circumstances of the defendant's failure to appear demonstrate an intent to flee or otherwise avoid prosecution), we have found no case in which joinder has been upheld under facts analogous to the facts of Guthrie's case—where a defendant who had attended earlier court proceedings missed a single court appearance but then, within days, voluntarily returned to court with his attorney.

Nevertheless, we need not decide whether joinder of the failure to appear charge was proper in Guthrie's case. We conclude that, even assuming the joinder was improper, Guthrie suffered no prejudice.

[4, 5] When a trial court commits error by improperly joining charges for trial, or by failing to grant severance of those charges, the error will require reversal of the defendant's convictions only if the defendant makes a particularized showing of prejudice.[2] To establish the required prejudice, a defendant must show "that the jury's ability to fairly decide the individual charges [was] substantially impaired [because] the jury hear[d] evidence relating to other charges at the same time."[3]

It is not enough for the defendant to show that evidence of the various charges was not cross-admissible,[4] nor is it enough for the defendant to assert in general terms that the trial of several charges at once might suggest to the jurors that the defendant has a criminal disposition.[5]

Yet these are the only types of prejudice that Guthrie asserts. He contends that evidence of the assault and evidence of the failure to appear was not cross-admissible, and that the joinder of these two charges therefore created "an appreciable risk of actual prejudice". According to Guthrie, "[a] jury hearing the underlying facts of the assault charge would be more likely to find that someone who would drink and come home and harass his family would also be irresponsible enough to knowingly miss a court date"—and, conversely, "a jury deliberating on the assault charge would be more likely to find guilt if they knew that the defendant subsequently missed a court hearing."

These claims amount to an assertion that the jury might infer that Guthrie had a criminal disposition from the fact that Guthrie was charged with two separate crimes. But that risk is always present when offenses are joined for trial, and it is not sufficient, standing alone, to establish prejudice.[6]

Here, there was no real risk that the jury's consideration of either count would be prejudiced or confused because of the joinder. The two offenses involved discrete factual scenarios, and the trial judge instructed the jury to decide the charges separately.

Moreover, we are unpersuaded by Guthrie's claim that evidence of his failure to appear must have substantially impaired the jury's ability to fairly decide the assault charge. As we have explained, the State presented only cursory evidence of Guthrie's failure to appear: the brief testimony in which the Ketchikan Clerk of Court described the log notes from August 1st and August 15th. While it is possible to imagine cases in which a jury might unfairly infer a defendant's consciousness of guilt based on the defendant's failure to appear at a court hearing,[7] Guthrie's case presented no such risk. The prosecutor never asked the jury to infer consciousness of guilt from Guthrie's failure to appear. And Guthrie elicited testimony that he was present in court for his other court appearances in the assault case, including an appearance six days after the missed calendar call.

Thus, even assuming that Judge Miller erred when he allowed the State to join the two charges for trial, Guthrie has failed to make the particularized showing of prejudice that would entitle him to reversal of his assault conviction.

*Conclusion*

Guthrie's conviction for failure to appear is REVERSED. Guthrie's conviction for assault in the fourth degree is AFFIRMED.

---

**2.** *Richards v. State*, 451 P.2d 359, 361–62 (Alaska 1969); *Newcomb v. State*, 800 P.2d 935, 943 (Alaska App.1990) (citing *Cleveland v. State*, 538 P.2d 1006, 1008–09 (Alaska 1975)).

**3.** *Sharp v. State*, 837 P.2d 718, 725 (Alaska App. 1992).

**4.** *Newcomb*, 800 P.2d at 943 ("Severance of charges is required when a lack of cross-admissibility creates an appreciable risk of actual preju-

dice from joinder. A lack of cross-admissibility, however, does not inevitably result in prejudice. The likelihood of prejudice must be evaluated on a case-by-case basis.") (citation omitted).

**5.** *Richards*, 451 P.2d at 362.

**6.** *Richards*, 451 P.2d at 362.

**7.** *See State v. Haag*, 176 Mont. 395, 578 P.2d 740, 746 (1978).