468 June 26, 2024 No. 432

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA JOSEPH MacDONALD POSE,
aka Joshua Joseph MacDonald Pose,
aka Joshua Joseph MacDonald,
aka Joshua Joseph MacDonald-Pose, aka Joshua Pose,
aka Joshua Joseph Pose,
aka Joshua Joseph Pose-MacDonald,
*Defendant-Appellant.*

Jackson County Circuit Court
17CR13877, 17CR37996; A178119 (Control), A178120

Timothy Barnack, Judge. (Judgment)

Laura A. Cromwell, Judge. (Supplemental Judgment)

Submitted May 31, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for, among other things, driving under the influence of intoxicants (DUII), reckless driving, first-degree manslaughter, fleeing or attempting to elude, and tampering with a witness. The charges arose from two separate DUII incidents, one in which defendant eluded an officer and another that led to a crash and the death of another person (the manslaughter case), and defendant's attempt to eliminate witnesses to the crash as evidenced by a phone call he made from jail (tampering case). The trial court consolidated the manslaughter and the tampering cases. On appeal, defendant raises three assignments of error: (1) the trial court erred in granting the motion to consolidate the two cases; (2) the trial court erred in admitting evidence of defendant's two prior DUII convictions without conducting an OEC 403 balancing test; and (3) the trial court erred in denying defendant's motion for judgment of acquittal on the charge of first-degree manslaughter. We affirm.

*Consolidation.* First, he argues that the state's motion to consolidate was untimely because it was made five days before the first trial and the court granted consolidation the day before trial was set to begin in the manslaughter case. Second, defendant argues that consolidation was improper under ORS 132.560(1)(b)(C) and (3) because the two cases were not connected and because consolidation prejudiced him, *e.g.*, consolidation was not authorized by the statute. Our review is for legal error. *State v. Wittwer*, 214 Or App 459, 461, 166 P3d 564 (2007); *State v. Delaney*, 370 Or 554, 561, 522 P3d 855 (2022).

Although the legislature has not supplied a timeline for seeking consolidation, the Supreme Court has held that a motion to consolidate filed the day of trial is untimely. *State v. Shields*, 280 Or 471, 478, 571 P2d 892 (1977). Under *Shields*, to be timely, a motion to consolidate "must be filed at such time as will allow the defendant to make an informed and calculated response." *Id.* at 478 (internal quotation marks omitted). Here, we do not decide whether the motion to consolidate filed five days before trial and allowed the day before trial, was timely under *Shields* because, given

the procedural history of the case, any error in timing was harmless. The two cases had been set for trial on back-to-back days, requiring defendant to be prepared to go to trial on both cases at the same time. Beyond that, the evidence in the cases was cross-admissible, so the timing of the motion did not alter the evidence that defendant had to be prepared to address. For that reason, defendant was not prejudiced by the timing of the motion.

Defendant also argues that consolidation was improper under ORS 132.560(1)(b)(C) and (2) because, in defendant's view, the cases were not sufficiently connected and, in his view, consolidation prejudiced him. But, under our case law, the manslaughter case was sufficiently connected to the tampering case to be consolidated with it; the charges were logically related and involved overlapping proof. *State v. Dewhitt*, 276 Or App 373, 383, 386-87, 368 P3d 37, *rev den*, 359 Or 667 (2019).

As for prejudice, given the relationship between the cases and the cross-admissibility of evidence, defendant has not demonstrated that the consolidation prejudiced him. *See State v. Smith*, 308 Or App 639, 645-46, 481 P3d 363 (2021) (discussing required showing that must be made for prejudice). Although defendant contends that the admission of the jail call evidence showing his efforts at witness tampering was prejudicial, defendant does not dispute that the jail call demonstrating witness tampering was admissible in the manslaughter case to demonstrate defendant's consciousness of guilt. Under those circumstances, defendant has not demonstrated prejudice from the consolidation: "The mere assertion that evidence relating to some charges will influence the jury's consideration of other charges is insufficient" to demonstrate prejudice. *State v. Tidwell*, 259 Or App 152, 154-55, 313 P3d 345 (2013), *rev den*, 355 Or 142 (2014) (quotation marks omitted).

*Prior DUII Convictions.* In his second assignment of error, defendant contends that the trial court erred in admitting evidence of his two prior DUII convictions without conducting an OEC 403 balancing test. Defendant acknowledges that he "did not expressly mention OEC 403 or balancing under that provision." Still, he argues that "the trial

court erroneously concluded that OEC 403 did not apply to evidence of defendant's prior DUII convictions." The state responds that defendant's argument is unpreserved.

Having reviewed the record, we agree with the state. Simply put, as defendant acknowledges, he never argued to the trial court that OEC 403 precluded the admission of evidence of defendant's two prior conviction; before the trial court, defendant argued that evidence of the details of the convictions should not come in, an argument that the trial court accepted.[1] Defendant does not argue that the trial court plainly erred, and, in all events, the record does not reflect any plain error. We therefore reject defendant's second assignment of error.

*Motion for judgment of acquittal on manslaughter.* Defendant's final argument is that he is entitled to a judgment of acquittal on the ground that the state's evidence was insufficient to prove that he acted under circumstances manifesting extreme indifference to the value of human life. The Supreme Court has explained that the phrase "circumstances manifesting extreme indifference to the value of human life" describes a heightened degree of recklessness, "one that is characterized by a willingness to commit an extremely dangerous act and an indifference as to whether that act could cause the death of another human being." *State v. Downing*, 276 Or App 68, 83, 366 P3d 1171 (2016) (quoting *State v. Boone*, 294 Or 630, 638, 661 P2d 917 (1983) (internal quotation marks omitted)). Having reviewed the record, we conclude that the evidence would permit a rational factfinder to find that defendant acted under such circumstances and that the trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.

---

[1] Although the underlying details of the prior DUII convictions later came out during trial, that is because defendant's testimony opened the door to the admission of those details. Defendant does not challenge the trial court's conclusion that he opened the door to the admission of the details.