802 September 5, 2024 No. 642

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARTHUR DANIEL KELLEY,
*Defendant-Appellant.*

Lincoln County Circuit Court
20CR44311, 20CR67329; A176147 (Control), A176148

Sheryl Bachart, Judge.

Submitted June 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this consolidated criminal case, defendant appeals from a judgment of conviction for 16 counts of first-degree sodomy, 16 counts of first-degree sexual abuse, and two counts of purchasing sex with a minor in Case No. 20CR44311, and one count of soliciting a Class B felony in Case No. 20CR67329. In his first two assignments of error, defendant argues that the trial court erred in consolidating the indictments and that joinder of the cases caused him substantial prejudice. In his third assignment, defendant asserts that his 1,625-month aggregate sentence was disproportionate under Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. We conclude that the trial court did not err in granting the motion to consolidate the indictments and that their joinder did not substantially prejudice defendant. Further, we reject defendant's argument that his aggregate sentence violates Article I, section 16, or the Eighth Amendment. Accordingly, we affirm.

Although the parties are aware of the underlying factual and procedural history, we briefly set out in this non-precedential memorandum opinion some of the undisputed background details for context. Defendant was charged with crimes relating to years of sexual abuse of D, his minor step-daughter. D disclosed the abuse to her mother, R, who was married to defendant, and R testified at trial as to statements that D and defendant made to R regarding the abuse. While in jail pending the sexual abuse charges, defendant was charged with crimes related to him soliciting another adult in custody to drug R by putting heroin in her coffee so that she could not testify in the sexual abuse case. Before trial, the state moved to consolidate the sexual abuse and solicitation cases, and defendant objected. The trial court granted the motion to consolidate, concluding that the charges were part of a common scheme or plan. At a subsequent pretrial hearing, defendant argued that the cases should be severed because joinder would result in substantial prejudice to defendant. The trial court determined that joinder was not prejudicial. Thus, the two cases were tried

in a consolidated jury trial, and defendant was convicted as outlined above.

We begin with defendant's first assignment of error challenging the consolidation of the indictments. We review a trial court's determination that the statutory requirements for joinder of charges were met for legal error. *State v. Thompson*, 328 Or 248, 256-57, 971 P2d 879, *cert den*, 527 US 1042 (1999). ORS 132.560(2) permits the consolidation of two or more charging instruments if the counts or charges satisfy the requirements for joinder of counts or charges in ORS 132.560(1)(b).[1] The trial court consolidated defendant's indictments because the charges were based on "two or more acts or transactions connected together or constituting parts of a common scheme or plan." ORS 132.560 (1)(b)(C). To constitute a common scheme or plan, the charges must be "logically related" and there must be a "large area of overlapping proof." *State v. Johnson*, 199 Or App 305, 317, 111 P3d 784, *rev den*, 339 Or 701 (2005).

Defendant asserts that the charges did not constitute a common scheme or plan because the crimes had different eyewitnesses and because most of the evidence pertaining to each case would not have been admissible in the other case. We disagree with defendant's argument and conclude that the charges were part of a "common scheme or plan."

The charges were "logically related" because, in the solicitation case, defendant attempted to prevent R from testifying in the sexual abuse case, which constituted an effort

---

[1] ORS 132.560 provides, in part:

"(1) A charging instrument must charge but one offense, and in one form only, except that:

"*****

"(b) Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character;

"(B) Based on the same act or transaction; or

"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"(2) If two or more charging instruments are found in circumstances described in subsection (1)(b) of this section, the court may order them to be consolidated."

to escape blame for the sexual abuse charges. Moreover, there is substantial overlapping evidence because evidence of the sexual abuse charges and R's related testimony was necessary to prove defendant's motivation in the solicitation case. *See State v. Wittwer*, 214 Or App 459, 463-64, 166 P3d 564 (2007) (concluding that the charges were part of a common scheme or plan where one set of charges resulted from the defendant's effort to "escape blame" for other charges and where "[p]roof of the charges related to [the first event was] necessary to prove the [subsequent charges] and to explain the context and motivation for the [subsequent charges]").

We turn to defendant's second assignment of error. Defendant argues that joinder of the charges caused defendant substantial prejudice and that the error was not harmless. Defendant asserts that evidence of the crimes in each case—specifically evidence that he was a pedophile and that he was in jail talking negatively about his wife—would be highly prejudicial to the determination of the crimes in the other case because it constituted unjustified character evidence. We conclude that, although the parties part ways on preservation, even if the argument was preserved, the joinder of charges did not cause defendant substantial prejudice.

First, in the solicitation case, evidence of the sexual abuse case would have been admissible to prove defendant's motive in attempting to prevent R from testifying, and thus that evidence did not constitute inadmissible character evidence. *See* OEC 404(3) (providing that evidence of other crimes or acts is inadmissible to prove the character of a defendant, but it may be admissible for other purposes, including for proof of motive). Second, evidence that defendant was incarcerated would not have caused substantial prejudice because, as the trial court explained when it made its ruling, any prejudice could have been ameliorated by a limiting instruction. *See State v. Tidwell*, 259 Or App 152, 155, 313 P3d 345 (2013), *rev den*, 355 Or 142 (2014) (explaining that "the probable effectiveness of limiting instructions to the jury is relevant to whether the defendant has established substantial prejudice"). Finally, defendant failed to establish that any other inadmissible evidence was prejudicial because the mere fact that the jury will hear evidence

that defendant has committed other bad acts is insufficient to establish substantial prejudice. *See State v. Delaney*, 370 Or 554, 556, 522 P3d 855 (2022) (concluding that, to establish substantial prejudice, a defendant must demonstrate a "case-specific theory of substantial prejudice that is more than the prejudice that is inherent whenever joined charges allow the jury to hear that the defendant may have committed other bad acts"). Therefore, we conclude that consolidating the cases did not cause defendant substantial prejudice, and accordingly, the trial court did not err when it denied severance of the cases.

Finally, in his third assignment of error, defendant argues that his 1,625-month aggregate sentence was constitutionally disproportionate under Article I, section 16, and the Eighth Amendment. We review whether a sentence is unconstitutionally disproportionate for legal error. *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017).

Although preservation is disputed by the parties, we conclude that, even if defendant adequately preserved his argument for appellate review, the argument is foreclosed on the merits by precedent. As defendant acknowledges, we have concluded that a proportionality analysis does not apply to aggregate sentences. *See State v. Parker*, 259 Or App 547, 549, 314 P3d 980 (2013), *rev den*, 355 Or 380 (2014) (concluding that it was not appropriate to consider the defendant's "aggregate or cumulative sentence of 119 months to determine if his aggregate or cumulative sentence of 119 months is disproportionate to his 10 offenses"). Defendant argues that *Parker* does not preclude a proportionality analysis of aggregate sentences and contends that, if it does, then *Parker* was wrongly decided. Defendant, however, has not established that *Parker* was "plainly wrong," which is our standard for reversing precedent. *See State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017) (explaining that our standard for overruling precedent is that the holding must be "plainly wrong," which is a "rigorous standard, satisfied only in exceptional circumstances"). Therefore, we reject defendant's argument that his aggregate sentence is disproportionate under Article I, section 16, or the Eighth Amendment.

Affirmed.