**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-40862

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

CLIFTON J TRAHAN

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CR-88-ALL

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The Government appeals the district court's dismissal pursuant to FED. R. CRIM. P. 48(b) of a superseding indictment on the grounds that it was returned too close to the scheduled trial date. For the following reasons, we vacate the judgment of dismissal and remand for further proceedings:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1.    We disagree with the Government's contention that the dismissal of the superseding indictment[1] in this case is reviewed *de novo*, as is true of dismissals on constitutional grounds or legal conclusions under the Speedy Trial Act, 18 U.S.C. § 3162. *See, e.g., United States v. Stephens*, 489 F.3d 647, 652 (5th Cir. 2007) (Speedy Trial Act); *United States v. Asibor*, 109 F.3d 1023, 1039 (5th Cir. 1997) (due process). The district court instead invoked its discretionary authority to dismiss an indictment based on an "unnecessary delay" in "presenting a charge to a grand jury." FED. R. CRIM. P. 48(b); *see also, e.g., United States v. Garcia*, 995 F.2d 556, 561 n.8 (5th Cir. 1993) (noting the district court's discretion to dismiss under Rule 48(b)); *United States v. Novelli*, 544 F.2d 800, 803 (5th Cir. 1977). Our review is therefore confined to an abuse of discretion.

2.    The discretion embodied in Rule 48(b) to dismiss an unnecessarily delayed indictment is constrained by long-standing authority holding that a superseding indictment may be filed any time before trial on the merits. *See United States v. Millet*, 559 F.2d 253, 257–58 (5th Cir. 1977) (affirming denial of motion to dismiss superseding indictment returned six days before trial). Even assuming that a district court may disallow a superseding indictment that prejudices the defendant, we find that Trahan made an inadequate showing of prejudice in this case. *Cf. United States v. Grossman*, 843 F.2d 78, 82–83 (2d Cir. 1988) (making a similar assumption and rejecting the defendant's claims of prejudice resulting from a superseding indictment returned two business days before trial). Although Trahan sought no continuance but contended that defending himself against the new charge necessitated expert testimony regarding the narrow

---

[1] The district court lacked jurisdiction after the notice of appeal was filed to modify its order dismissing the superseding indictment *in toto* to a dismissal confined to the newly-added count. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982) (filing of notice of appeal divests the district court of control over the aspects of the case involved in the appeal). We therefore review the dismissal order as originally entered.

issue of the amount of codeine consistent with possession, he did not assert that the remaining twelve days before trial did not afford him sufficient opportunity to procure such an expert or otherwise indicate how much time would be required. Trahan's allegations of unfair surprise are also substantially undermined by his own acknowledged awareness of the facts underlying the newly-added count and the Government's uncontroverted representation that it had already provided Trahan the relevant evidence during discovery. To the extent that the district court concluded otherwise, we hold those findings are clearly erroneous in light of the record.

3. The district court's reliance on the Sixth Amendment speedy trial factors in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972), as grounds for dismissal under Rule 48(b) is also flawed. Those factors include the length of delay, reason for delay, whether the defendant asserted his right to a speedy trial, and whether the defendant suffered prejudice resulting from the delay. *Id*. The first factor includes the period of post-arrest, pre-indictment delay. *See United States v. Edwards*, 577 F.2d 883, 888 (5th Cir. 1978). However, the filing of the superseding indictment did not alter at all the total period that would have elapsed until his scheduled trial date on the original indictment because Trahan adamantly refused a continuance. Stated differently, the overall period between Trahan's arrest and trial would have been the same regardless of the superseding indictment's filing. The district court instead erroneously based its calculation of the relevant delay on the granting of a hypothetical continuance of 45 to 60 days sought by neither party. This error was compounded by the court's finding of prejudice to Trahan that we have rejected above. Although we agree with the district court that the Government offered vague and inconsistent—albeit not improper—explanations for the delay, and Trahan timely objected to the delayed superseding indictment, on this record the *Barker* factors neither compelled nor warranted dismissal.

4.     Finally, although dismissal pursuant to Rule 48(b) "is not confined to constitutional violations," it embodies the district court's "inherent power to dismiss for want of prosecution." *United States v. Litton Sys., Inc.*, 722 F.2d 264, 272 n.8 (5th Cir. 1984); *see also* FED. R. CRIM. P. 48(b) advisory committee's note. The Government's conduct here does not reflect a want of prosecution. The mere fact that some delay occurred before the superseding indictment was filed does not support its dismissal when the case was proceeding forward to trial with appropriate speed.  *Cf. United States v. Clay*, 481 F.2d 133, 137–38 (7th Cir. 1973) (reversing dismissal for an eight-month pre-indictment delay when the case moved forward expeditiously after the indictment was returned).

VACATED and REMANDED.