#30809-r-SPM
**2025 S.D. 48**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellant,

v.

AIDAN BRADSHAW,                           Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE SUSAN M. SABERS
Judge

* * * *

MARTY J. JACKLEY
Attorney General

SARAH L. THORNE
Deputy Attorney General
Pierre, South Dakota                      Attorneys for plaintiff and
                                          appellant.


BETSY DOYLE
KIMBERLY TOPEL KLINE of
Minnehaha County Public
    Defender's Office
Sioux Falls, South Dakota                 Attorneys for defendant and
                                          appellee.

* * * *

ARGUED
APRIL 29, 2025
OPINION FILED **08/20/25**

MYREN, Justice

[¶1.]    Aidan Bradshaw was charged with possession of a controlled drug and possession of drug paraphernalia on January 17, 2024. The State sent the suspected drug to the state health lab for testing on January 19, 2024. In July 2024, the parties reached a plea agreement. At the change of plea hearing, the State explained that it had not yet received test results of the suspected drug. Bradshaw orally moved to dismiss, and the circuit court granted that motion. The State appeals. We reverse.

**Factual and Procedural Background**

[¶2.]    On January 17, 2024, the State filed a two-count complaint against Bradshaw, alleging that he was in possession of a controlled drug or substance, Delta-9 Tetrahydrocannabinol, in violation of SDCL 22-42-5 and that he was in possession of drug paraphernalia in violation of SDCL 22-42A-3. That same day, Bradshaw appeared before the circuit court and was released on a personal recognizance bond. In February 2024, a Minnehaha County grand jury returned an indictment charging Bradshaw with the same offenses detailed in the State's initial complaint. In March 2024, the circuit court issued a scheduling order that provided that the State "shall provide [Bradshaw] with discovery and a plea offer by" April 5, 2024, and that any "plea agreement reached after [that deadline] . . . will result in an Open Plea." The scheduling order also included a trial date of June 17, 2024.

[¶3.]    On May 9, 2024, Bradshaw's attorney requested a delay of the trial because he had not received a plea offer. The circuit court continued the plea deadline to May 24 and the trial date to July 15, 2024. On June 20, 2024,

Bradshaw's attorney requested another delay because he had still not received a plea offer. Later that same day, Bradshaw's attorney requested another delay and explained that he "[j]ust received plea offer. Need time to discuss with client and his family." The circuit court granted each of Bradshaw's requests for delay and continued the plea deadline to July 19 and the trial date to September 9, 2024.

[¶4.] Bradshaw and the State reached a plea agreement that was brought before the circuit court at a change of plea hearing on July 22, 2024. At the beginning of the hearing, the circuit court commented, "I'm being told we don't have [drug] testing back yet from Pierre." The State responded, "[I]t looks like the suspected drug was submitted back on January [1]9th of this year for testing at the [state health lab]. We have still yet to receive the results of that testing and have been unable to provide it to the Defense." Accordingly, the State requested a "reset to try and expedite that testing."

[¶5.] In response, Bradshaw requested that the charges be dismissed. He argued that it had been nearly seven months since the suspected drug was sent away for testing and that this delay was too long. After Bradshaw's attorney described his understanding of how other counties were handling prosecutions for Delta-9 Tetrahydrocannabinol, the circuit court granted Bradshaw's motion. The circuit court did not inquire about what efforts the State had made to secure the drug testing results. The circuit court explained that it thought "six and a half months for testing on something as straight forward as one drug sample is too late, too slow."

#30809

[¶6.] After the hearing, the circuit court entered written findings of fact and conclusions of law and specified that its dismissal was without prejudice and was based solely on SDCL 23A-44-3. It concluded that SDCL 23A-44-3 "provides a basis for dismissal of charges for unnecessary delay in prosecution that is independent of any analysis or ruling as to the 180-day rule[.]" The following three conclusions of law were particularly relevant to the circuit court's analysis under SDCL 23A-44-3:

> 8. After nearly seven months of delay, including two violations of the Court-imposed plea offer deadlines, the State was still not ready to prosecute this matter to conclusion because it lacked the necessary testing results to establish the presence of a controlled substance. The State could neither offer a factual basis to support a plea nor proceed to trial without confirmation that the substance possessed by Defendant was in fact a controlled substance. These facts constitute unnecessary delay under SDCL 23A-44-3.
>
> 9. While some counties have apparently elected to not prosecute these types of drug cases, Minnehaha County has chosen otherwise—a decision squarely within the law. Given the choice to prosecute, however, Minnehaha County must have the ability to secure timely testing of substances to support its felony charging decisions. Unnecessary delay such as that present on the facts of this case interferes with the effective and efficient prosecution of drug offenders.
>
> 10. This Court, having found unnecessary delay in the prosecution of these cases due to the failure to comply with Court-imposed deadlines and the failure to secure testing results in a timely manner, dismisses the Indictment . . . pursuant to SDCL 23A-44-3.

[¶7.] The State appeals pursuant to SDCL 23A-32-4(2).

-3-

**Decision**

***Whether the circuit court abused its discretion when it dismissed the indictment under SDCL 23A-44-3.***

[¶8.]     SDCL 23A-44-3 reads:

> If there is unnecessary delay in presenting a charge to a grand jury or in filing an information against a defendant who has been held to answer to a circuit court, or if there is unnecessary delay in bringing a defendant to trial, a court *may* dismiss his indictment, information or complaint.

(Emphasis added.)

[¶9.]     In other circumstances, this Court has noted that the Legislature's use of the word "may" typically means a decision is discretionary. *See Ctr. of Life Church v. Nelson*, 2018 S.D. 42, ¶ 38, 913 N.W.2d 105, 115. Consequently, we will review the circuit court's decision under SDCL 23A-44-3 for an abuse of discretion. *See United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000) (reviewing for abuse of discretion under similar statutes or court rules); *United States v. Corona-Verbera*, 509 F.3d 1105, 1114 (9th Cir. 2007) (same); *State v. Nordstrom*, 529 A.2d 107, 110 (R.I. 1987) (same). An abuse of discretion is "discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *State v. Carter*, 2023 S.D. 67, ¶ 24, 1 N.W.3d 674, 685 (citation omitted). "Of course, by definition, a decision based on an error of law is an abuse of discretion." *State v. Vento*, 1999 S.D. 158, ¶ 5, 604 N.W.2d 468, 469 (citation omitted).

[¶10.]     The text of SDCL 23A-44-3 does not support the circuit court's decision. Rather than asserting his right to a trial, Bradshaw intended to waive that right and plead guilty, thereby relieving the State of its burden of proof. It may be that Bradshaw wanted confirmation that the substance he possessed was

Delta-9-Tetrahydrocannabinol before he entered his plea. However, that does not mean the State would have been unable to proceed with a trial scheduled six weeks later.

[¶11.] This Court has not previously had occasion to consider what constitutes "unnecessary delay" under SDCL 23A-44-3. However, the text of SDCL 23A-44-3 is nearly identical to Rule 48(b) of the Federal Rules of Criminal Procedure, which the federal courts have held was designed to recognize a court's authority to dismiss a case for want of prosecution:

> The phrase "unnecessary delay," as used in Rule 48(b), is not specifically defined in Rule 48 or elsewhere in the Federal Rules of Criminal Procedure. But the Advisory Committee Notes accompanying the adoption of Rule 48 are instructive in helping us understand the meaning of this phrase. Those Notes indicate that Rule 48(b) was intended as "a restatement of the inherent power of the court to dismiss a case *for want of prosecution*." 1944 Advisory Committee Notes on Adopting Rule 48 (emphasis added). In other words, the Advisory Committee did not intend Rule 48(b) as an all-encompassing grant to district courts of supervisory authority over the prosecution of criminal cases, but rather as a recognition of a district court's power to dismiss a case that the government has failed to prosecute in a timely manner. *Cf. Carlisle v. United States*, 517 U.S. 416, 426 (1996).

*United States v. Begay*, 602 F.3d 1150, 1154 (10th Cir. 2010).

[¶12.] Other courts have recognized several considerations that may guide a court's decision as to whether unnecessary delay is present in a case. First, although unnecessary delay is not equivalent to a violation of the Sixth Amendment, an analysis of unnecessary delay "is driven 'by the same general considerations as the Sixth Amendment.'" *United States v. Ward*, 211 F.3d 356, 362 (7th Cir. 2000) (citation omitted). Accordingly, where appropriate, courts have considered the factors enunciated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972),

when assessing whether unnecessary delay is present. *See City of Grand Forks v. Gale*, 876 N.W.2d 701, 705 (N.D. 2016). Those *Barker* factors are: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530. Second, courts have determined that the "delay" must be attributable to the State. *See United States v. Johnson*, 579 F.2d 122, 125 (1st Cir. 1978); *State v. McElroy*, 561 A.2d 154, 156 (Del. 1989). While this may take the form of bad-faith conduct on the part of the State, bad-faith conduct is not required. Instead, the court must conclude that the delay was traceable to some action or inaction by the State.

[¶13.] Although there was a delay in obtaining the drug testing results, the State submitted the substance for testing immediately after the arrest. The prosecution did not lie dormant or unattended. Less than three months would have elapsed between the original trial date (June 17, 2024) and the rescheduled trial date (September 9, 2024).

[¶14.] Moreover, even if the delay in obtaining drug test results would have required a continuance of the September 9 trial date, the State requested additional time to "try and expedite the testing," noting that it did not have control over the testing procedures at the state health lab. The circuit court did not inquire about what efforts the State had made to ensure timely testing results. Consequently, the record does not contain any explanation about the State's efforts in that regard or support for a finding that the delay was unnecessary.

[¶15.] Nor does the State's failure to extend a plea offer by the deadline set in the circuit court's initial order support a finding of unnecessary delay. "[A]

defendant has no right to be offered a plea[.]" *Fast Horse v. Weber*, 2013 S.D. 74, ¶ 28, 838 N.W.2d 831, 839 (alterations in original) (quoting *Missouri v. Frye*, 566 U.S. 134, 148 (2012)).  However, as explained above, the text of SDCL 23A-44-3 is oriented to unnecessary delay in bringing a defendant *to trial*; it is not a statute for sanctioning noncompliance with a circuit court's plea offer deadline.

[¶16.]     Rather than address the plain language of SDCL 23A-44-3, the State mistakenly contends that the 180-day rule set out at SDCL 23A-44-5.1 effectively abrogated SDCL 23A-44-3.  SDCL 23A-44-3 was enacted by the Legislature in 1978.  1978 S.D. Sess. Laws ch. 178, § 536.  However, the 180-day rule, set out at SDCL 23A-44-5.1, is not a legislative enactment; it is a rule this Court adopted pursuant to our constitutional authorization to "make rules of practice and procedure" under our "general superintending powers over all courts."  S.D. Const. art. V, § 12.  There is no conflict between these provisions, and they can easily coexist.

[¶17.]     Facially, SDCL 23A-44-3 is broader and less structured than the 180-day rule.  The statute provides trial courts with discretionary authority to dismiss an indictment, information, or complaint if there is unnecessary delay in bringing a defendant to trial or if there is an unnecessary delay in obtaining an indictment or filing an information after a defendant has been "held to answer" before a circuit court.  The 180-day rule requires adherence to specific timing requirements and mandates that a circuit court dismiss an action if these requirements are not met.  SDCL 23A-44-5.1(5).  Most significantly, the 180-day rule is solely focused on the time it takes to bring a defendant to trial.  SDCL 23A-44-5.1(1) to (2).  By contrast, SDCL 23A-44-3 allows a circuit court to dismiss an action for unnecessary delay

that occurred at any stage of a criminal proceeding. In this regard, the relationship between SDCL 23A-44-5.1 and SDCL 23A-44-3 is similar to the relationship in federal court between Rule 48(b) and the Speedy Trial Act. 18 U.S.C. § 3161, *et seq.*

[¶18.] Finally, the remedial provisions of SDCL 23A-44-5.1 and SDCL 23A-44-3 differ in key respects. Under SDCL 23A-44-5.1(5), prejudice to a defendant is presumed if 180 days have passed without any applicable exclusions. If the State does not rebut this presumption, the rule requires a dismissal with prejudice. SDCL 23A-44-3 empowers the court with discretionary authority to dismiss an action in circumstances that might be unrelated to a violation of the temporal requirements of the 180-day rule and authorizes a dismissal without prejudice. *See* SDCL 23A-44-5 (noting that dismissals under SDCL 23-44-3 do not bar another prosecution for the same offense).

## Conclusion

[¶19.] This record does not support the circuit court's determination that the prosecution was unnecessarily delayed. The reasons cited by the circuit court do not support the exercise of its discretion under SDCL 23A-44-3. We reverse.

[¶20.] JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.