**Kenneth McGAHAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4144.**

Supreme Court of Alaska.

Feb. 21, 1980.

Deborah A. Paquette, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

In this appeal we are called upon to determine the propriety of the state's amendment of a misdemeanor charge on the day of trial, and the court's denial of a requested continuance so that the defense could study the new charge. We conclude that the amendment was improper under Alaska Rule of Criminal Procedure 7(e). Since, however, we conclude that the defendant failed to show prejudice resulting from the amendment or the denial of a continuance, we affirm the conviction.

On the evening of January 16, 1977, two Kenai police officers observed "suspicious activity" by three persons in the front seat of a parked car, and decided to investigate. They ordered the occupants to leave the car, and upon a search of the vehicle seized a white smoking pipe. The defendant, Kenneth McGahan, grabbed the pipe, which the police had placed on the hood of a nearby car, and threw it 35–50 yards away. The

officers retrieved the pipe after handcuffing and arresting McGahan. He was subsequently charged by criminal complaint with attempting to destroy evidence, in violation of AS 11.30.315.[1]

On Friday, June 3, 1977, the case was called for trial in Kenai district court. At McGahan's request, the trial was continued until Monday, except for selection of the jury. On Monday, the court allowed the state to amend its complaint, over defense objections, to allege attempting to destroy *and conceal* evidence.[2] McGahan's request for a continuance, so that he could study the new charge, was denied. Trial and conviction followed. Following an unsuccessful motion in district court for a new trial, McGahan appealed. His conviction was affirmed by the superior court. He has appealed again.

■ Amendments to criminal charges are governed by Alaska R. Crim.P. 7(e):

*Amendment of Indictment or Information. If any error in form shall exist in any indictment or information or in the manner of describing the offense, or if a defendant is indicted by a fictitious or erroneous name and afterwards his true name is discovered, the court may permit the indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced.*

Both courts below found that the amendment here was one of form, and hence permissible under this rule. We agree with McGahan that the amendment went beyond form. Although both destruction and concealment of evidence are covered by the same statute, the difference between the acts is simply too great for us to conclude that the "form" stricture of Rule 7(e) has been met.[3] *Cf., Price v. State,* 437 P.2d 330, 332–33 (Alaska 1968) (an amendment that added the date, amount, maker and bank of an allegedly forged check was permissible as correcting an error in form of the forgery indictment).

■ A violation of Rule 7(e), however, does not require reversal of the subsequent conviction unless the defendant is prejudiced thereby.[4] McGahan claims that he was so prejudiced:

Investigation of the case by the defense had concluded. Counsel may have already decided to forego various suppression motions based on the stop of the defendant and the search of the car in view of the narrow charge sworn out against the defendant. Had the defense been apprised that Mr. McGahan would additionally be charged with attempting to conceal evidence, other witnesses might have been interviewed and called to testify. Further research on the concealment charge would have been done and the entire trial strategy might have been reformulated. There was absolutely no opportunity to do any further investigation, interviewing or research

---

1. AS 11.30.315 provides:

   *Destroying, altering or concealing evidence.* A person who wilfully destroys, alters or conceals evidence concerning the commission of a crime or evidence which is being sought for production during an investigation, inquiry or trial, with the intent to prevent the evidence from being discovered or produced, is guilty of a misdemeanor and upon conviction is punishable by imprisonment for not more than one year, or by a fine of not more than $1,000, or by both.

2. Although the amended complaint used the conjunctive "and," the court's jury instructions were phrased in the disjunctive. Thus the jury was told that McGahan could be found guilty if he attempted to destroy or conceal evidence.

3. We express no opinion on whether the amendment charged a different offense. *Cf. State v. Cooper,* 223 N.W.2d 177, 179 (Iowa 1974) (an amendment changing a charge of possession of stolen property to aiding in its concealment did not charge a different offense; since both possession and concealment were the subjects of one statute, the amendment merely specified a different method of committing the same offense).

4. *See* Alaska R.Crim.P. 47(a):

   *Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded

subsequent to the complaint being amended. . . . The defense, subject to whatever immediate modifications he would make, was forced to adhere to his opening and closing statements and cross-examination which were prepared based on the attempting to destroy evidence charge.

But this argument is purely speculative and too general. The amended complaint did not allege a change in the nature of the underlying criminal act which was throwing away a smoking pipe during the course of an investigation. McGahan does not specify how he would have changed his trial tactics or what additional witnesses or evidence he would have presented in view of the amended charge. The suggestion that defense counsel deliberately forwent suppression motions on the destruction charge that he would have made against a concealment charge is simply implausible.[5] Since we have no evidence of actual prejudice to McGahan,[6] we will not reverse his conviction because of the improper amendment. For the same reason, we find no reversible error in the trial judge's denial of McGahan's motion for a continuance.

AFFIRMED.

BOOCHEVER, J., concurs.

BOOCHEVER, Justice, concurring.

I do not believe that the trial court erred in granting the amendment so that the instruction alleged attempting to destroy *or conceal* evidence. I would construe the provision of Criminal Rule 7(e) which permits amendments "in form" as encompassing the addition of the statutory language, "or conceal." Black's Law Dictionary 586 (5th ed. 1979) distinguishes a matter of form from one of substance as relating "to the mode, form or style of expressing the facts

involved, the choice or arrangement of words, and other such particulars without affecting the substantial validity or sufficiency of the instrument, or without going to the merits." Here there is no question as to the act charged, the throwing away of the pipe. The statute, AS 11.30.315, covers destroying, altering or concealing evidence. Its obvious purpose is to sanction efforts made to cause evidence to be unavailable for investigation or trial. In a situation such as that involved in this case, the attempt to make the evidence unavailable is of identical significance whether McGahan was attempting to destroy or conceal the pipe. The information gave him adequate notice of the offense, and as explained in the majority opinion, he was in no manner prejudiced by the additional language. True, he might have originally hoped to escape conviction by quibbling over whether the pipe was thrown away for the purpose of concealing it rather than destroying it. In any event, however, the prosecuting attorney could have dismissed the original information and filed a new one containing the additional language. If, as a result of the additional language, McGahan believed it more advisable to plead guilty, the same end could be accomplished by changing his plea to the original information.

Since the amended information is encompassed by the statutory language of AS 11.30.315 and still charges the same act of throwing away the pipe, it seems clear to me that the requirements of Rule 7(e) that "no additional or different offense is charged and the substantial rights of the defendant are not prejudiced" have been met.

On filing this concurrence, I am also motivated by one other aspect of this appeal. Regardless of whether members of this

---

5. In contrast, see *State v. Cooper*, 223 N.W.2d 177, 180 (Iowa 1974), where the court found prejudice in an amendment offered after the prosecution had rested its case, and where the trial transcript revealed that the defense cross-examination had been geared solely to the original charge.

6. *Cf. Yarbor v. State*, 546 P.2d 564, 568 (Alaska 1976) defendant has the burden of proving prejudice in order to prevail on claim that preaccusation delay violated due process); *Nickerson v. State*, 492 P.2d 118, 120 (Alaska 1971) (defendant must establish prejudice in connection with constitutional speedy trial claim, as long as delay is not so excessive that prejudice will be presumed).

court may differ over whether the amendment is one of substance or form, a distinction often involving the same type of niceties that have provoked arguments as to the number of angels that can dance on the head of a pin, it is abundantly clear that this is a frivolous appeal. McGahan received a 30-day suspended sentence, and I fail to see any principle involved justifying extensive litigation. It seems to me that the time of the Public Defender Agency, which has made so many able presentations before us, could be better utilized than by burdening the attorney general's office and the courts with two appeals in this type of case.