**Gregory KELLEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00-8706-CR-578.**

Supreme Court of Indiana.

May 31, 1989.

Diane M. McNeal, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Robbery, a Class A felony, for which he received twenty (20) years, and Rape, a Class A felony, for which he received thirty-five (35) years, those sentences to run concurrently. He also was found guilty of Battery, a Class C felony, for which he received five (5) years, which sentence was to run consecutively to the other sentences.

The facts are: On October 20, 1985, the victims were asleep in their home when the husband awoke to see an individual, later identified as appellant, standing in the doorway of the bedroom. Appellant held a knife in his hand. After first cutting the telephone line, he tied up the husband and placed a cover over his head. He then raped and sodomized the wife. He asked if there was any money in the house and was directed to approximately $500 on the dresser. While the individual was looking through the rest of the house, the husband managed to free himself and engaged in a fight with appellant. Both the husband and appellant were stabbed during the fight.

The sole assignment of error in this appeal is that the trial court erred in permitting the State to amend the information in Count III, which charged the assault on the husband and the wounding of him. In its original form, the information charged that appellant injured the husband by shooting him with a pistol. However, over appellant's objection four days before trial commenced, the State was permitted to amend that charge by showing that the injury was actually inflicted with a knife.

Appellant concedes that the State may be allowed to amend an information at any time if it is in form only, but he claims that the amendment in this instance actually was a change in the substance as to the manner in which the crime was committed; thus it was in violation of Ind.Code § 35–34–1–5(b)(1). The purpose of an information is to inform the accused as to the nature of the charge against him in order to enable him to make his defense to the charges. *Trotter v. State* (1981), Ind., 429 N.E.2d 637. We also have held that the amendment is material only if it affects the defendant's ability to defend against the charge. *Humphrey v. State* (1978), 268 Ind. 597, 377 N.E.2d 631.

In the case at bar, both Counts I and II allege that the crime had been committed with a knife. Count III was an allegation of a third crime committed concurrently with the crimes charged in Counts I and II. Thus it is inconceivable that appellant could have been misled into believing that he would not be faced with a charge of using a knife but only with the erroneous charge of having used a gun. In addition, we would point out that four days elapsed between the amendment and the commencement of the trial and that there is no showing in this record that appellant asked for a continuance in order to better prepare his defense by reason of the amendment.

Appellant has shown us nothing in this record to indicate that he was prejudiced by the amendment; thus he has shown no reversible error. *Wagner v. State* (1985), Ind., 474 N.E.2d 476; *Bradford v. State* (1983), Ind., 453 N.E.2d 250.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.