**Wilburn D. JACKSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–10835.**

Court of Appeals of Alaska.

March 1, 2015.

Before: MANNHEIMER, Chief Judge, ALLARD, Judge, and HANLEY, District Court Judge.[1]

**1.** Sitting by assignment made under article IV, section 16 of the Alaska Constitution.

**Order**

The State petitions for rehearing, arguing that we overlooked controlling authority in reaching this decision.[2]

■ In the present case, we held that the superior court committed plain error by failing to instruct the jury that it had to reach a unanimous verdict as to the specific act that constituted the first-degree sexual assault.[3] In the State's view, there was no plain error because Jackson's attorney had a valid tactical reason for not objecting to the superior court's failure to instruct the jury on unanimity—that is, to avoid the risk that the State might move to amend the indictment in the middle of trial to charge Jackson with two counts of sexual assault instead of one. We rejected that argument in our earlier decision because we concluded that the State would not have been permitted to amend the indictment mid-trial to add a second sexual assault count under Alaska Criminal Rule 7(e).[4]

Criminal Rule 7(e) authorizes a trial court to allow the State to amend an indictment at any time before a verdict is returned "if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced." As we explained in our earlier decision, amending Jackson's indictment in the middle of trial to add a second charge of first-degree sexual assault would have violated this rule because Jackson would have faced not only a new charge, but if convicted of that second charge, a separate sentence on the new charge that would be at least partially consecutive under the applicable sentencing law.[5]

In its petition for rehearing, the State argues that our reading of Criminal Rule 7(e)

is at odds with the Alaska Supreme Court's 1972 decision in *Trounce v. State*.[6] In *Trounce*, the defendant was convicted of one count of felony assault based on evidence that he assaulted two different people.[7] On appeal, Trounce argued that the superior court should have granted his motion to dismiss the duplicitous assault count.[8] The supreme court concluded that, even assuming the assault count was duplicitous, reversal was not required because there was no reasonable possibility the jury's verdict lacked unanimity.[9] But the court also stated, in dicta, that dismissal was not the appropriate remedy for a duplicitous count in any event because counsel could, *inter alia*, "move to amend the indictment as suggested by Criminal Rule 7(e)." [10]

Based on this dicta in *Trounce*, the State argues Criminal Rule 7(e) would not have barred the State from amending Jackson's indictment mid-trial to charge two separate acts of sexual penetration, and thus Jackson's attorney did have a legitimate tactical reason for not objecting to the court's failure to instruct the jury on unanimity.

■ We disagree with the State's reading of *Trounce*. As we already explained, Criminal Rule 7(e) allows an indictment to be amended mid-trial only if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced. In *Trounce*, the supreme court did not explain how allowing the State to amend an indictment mid-trial to add an additional charge would comport with the requirements of this criminal rule or with due process.

Moreover, the authority the supreme court relied on, the 1969 edition of Professor Wright's treatise *Federal Practice and Pro-*

**2.** *See* Alaska R.App. P. 506(a)(1).

**3.** *Jackson v. State*, 342 P.3d 1254, 1259–60 (Alaska App.2014).

**4.** *Jackson*, 342 P.3d at 1258–60.

**5.** *Id.* at 1258. AS 12.55.127(c)(2)(E) requires at least one-fourth of the presumptive term specified for first-degree sexual assault to be served consecutively when a defendant is sentenced for two or more crimes against a person.

**6.** 498 P.2d 106 (Alaska 1972).

**7.** *Id.* at 107.

**8.** *Id.*

**9.** *Id.* at 111–12.

**10.** *Id.* at 111. When *Trounce* was decided, Criminal Rule 7(e) already contained language limiting pre-verdict amendment of the indictment to situations where "no additional or different offense is charged and the substantial rights of the defendant are not prejudiced." *Trounce*, 498 P.2d at 111 n. 9 (quoting Rule 7(e)).

*cedure*, does not support the State's interpretation of *Trounce*. That treatise states that the appropriate remedy for a duplicitous indictment is to require the State to elect to proceed on just one of the duplicitous charges.[11] The current edition of Professor Wright's treatise adds the option of instructing the jury that it must find the defendant guilty of one distinct act as an alternative to curing a duplicitous count through prosecutorial election.[12] Professor LaFave's treatise on criminal procedure takes this same view,[13] as do the federal courts.[14]

Given this authority, we do not believe the *Trounce* court meant to suggest that a felony indictment could be amended mid-trial to add a new charge (and thereby increase the defendant's criminal liability). We think it more likely that the court was referring to separating the duplicitous count into different "counts" for purposes of the jury's verdict forms, but otherwise allowing only the original number of convictions. In any event, the primary point the Alaska Supreme Court was making in *Trounce* was that a duplicitous count is not necessarily a fatal defect, and that a dismissal is therefore not the appropriate remedy—a point that is entirely compatible with the authority the *Trounce* court relied on and with our reasoning in the present case.[15]

We therefore conclude that the State's reliance on *Trounce* is misplaced and that the State's position on a mid-trial indictment to add new charges is without merit.

Accordingly, the State's petition for rehearing is DENIED.

Entered at the direction of the court.

**11.** 1 Charles Alan Wright, *Federal Practice and Procedure* § 145, at 335 (1969).

**12.** 1A Charles Alan Wright & Andrew D. Liepold, *Federal Practice and Procedure* § 145 at 94–95 (4th ed.2008).

**13.** 5 Wayne R. LaFave, Jerold H. Israel, Nancy J. King & Orin S. Kerr, *Criminal Procedure* § 19.3(c), at 286–87 (3d ed.2007).

**14.** *See, e.g., United States v. Lloyd,* 462 F.3d 510, 514–15 (6th Cir.2006); *United States v. Hughes,*

310 F.3d 557, 561 (7th Cir.2002); *United States v. Ramirez–Martinez,* 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez,* 484 F.3d 1186 (9th Cir.2007); *United States v. Karam,* 37 F.3d 1280, 1286 (8th Cir.1994).

**15.** *See Trounce,* 498 P.2d at 111–12; 1 Charles Alan Wright, *Federal Practice and Procedure* § 145, at 335 (1969).