NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific* *Reporter*. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, | Court of Appeals No. A-11748 |
| Appellant, | Trial Court No. 4BE-12-1225 CR |
| v. | |
| WILLIAM QUICIQ PETE, | O P I N I O N |
| Appellee. | No. 2454 — May 29, 2015 |

Appeal from the Superior Court, Fourth Judicial District, Bethel, Charles W. Ray Jr., Judge.

Appearances: Elizabeth T. Burke, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellant. Sharon Barr, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Kossler, Judges.

Judge MANNHEIMER.

The defendant, William Quiciq Pete, is alleged to have assaulted his girlfriend. The State originally charged Pete with misdemeanor assault, but the State filed amended charges of felony assault just a few days before Pete was scheduled to be tried

on the misdemeanor charge. The superior court later dismissed these felony charges on the ground that the State's charging decision was vindictive. The State appeals that ruling.

The record shows that the superior court committed two errors. One was an error of substantive law, and the other was a procedural error.

When the parties litigated the question of prosecutorial vindictiveness in the superior court, their litigation focused on a legal issue: namely, which party bore the burden of proof on the question of prosecutorial vindictiveness? Pete took the position that the facts of his case raised a presumption of vindictiveness, and thus the State bore the burden of affirmatively disproving vindictiveness. The State, on the other hand, took the position that the facts of the case did *not* raise a presumption of vindictiveness, and thus it was Pete's burden to affirmatively prove that the charging decision was the product of vindictiveness.

The superior court agreed with Pete that the facts of this case gave rise to a presumption of vindictiveness, and that the State therefore bore the burden of affirmatively proving a lack of vindictiveness. As we explain in this opinion, the superior court's ruling on this issue was mistaken. The facts of this case do not give rise to a presumption of vindictiveness, and thus it was Pete's burden to affirmatively establish actual vindictiveness.

After issuing this mistaken ruling as to which party bore the burden of proof, the superior court then committed a procedural error. In response to the court's ruling that the State bore the burden of proof on the question of prosecutorial vindictiveness, the State asked the superior court to hold an evidentiary hearing so that the State could offer evidence to rebut Pete's assertion of vindictiveness. But the superior court refused to hold an evidentiary hearing. The court reasoned that the State had already declined the opportunity to present any evidence it might have on this issue.

But as we have explained, the litigation up to that point had focused on the question of which side bore the burden of proof. At the earlier hearing, both sides took the position that they were not required to present any evidence because the *other side* bore the burden of proof. And at the conclusion of that hearing, the superior court simply took this burden-of-proof issue under advisement. The court did not warn the parties that they should present their evidence at that hearing, in case the court later ruled against them on the question of the burden of proof.

Given this procedural posture, no matter which way the superior court ruled on the question of the burden of proof, the court was obliged to offer the losing party an opportunity to offer evidence in support of their position.

In sum, we conclude that the facts of this case do not create a presumption of prosecutorial vindictiveness, that Pete bears the burden of affirmatively proving actual vindictiveness, and that Pete must now be given the opportunity to litigate this issue.

*A more detailed look at the underlying facts*

William Quiciq Pete allegedly assaulted his girlfriend in the village of Akiak on November 27, 2012. Three days later, on November 30th, a local village public safety officer filed a misdemeanor complaint against Pete, charging him with fourth-degree assault.

Pete was not arraigned on this complaint until January 4, 2013. At the arraignment, the prosecutor informed Pete (and the district court) that the State intended to take Pete's case to the grand jury and seek an indictment for third-degree assault (a felony), because Pete had two or more prior convictions for assault within the preceding ten years. *See* AS 11.41.220(a)(5).

However, the State did not immediately take Pete's case to the grand jury, so the district court held a trial call on the misdemeanor charge on March 5, 2013. Neither the prosecutor nor the defense attorney who appeared at this trial call were the attorneys assigned to Pete's case.

At this March 5th trial call, Pete's fill-in public defender told the court that Pete wanted the case set for trial, so the district court set Pete's trial for the following week. The fill-in prosecutor did not object.

Two days later, on March 7th, the Bethel district attorney's office filed a felony information against Pete. The grand jury subsequently indicted Pete on one count of second-degree assault (for strangling his girlfriend) and one count of third-degree assault (for committing fourth-degree assault, but with two or more prior convictions).

In mid-May, Pete moved to dismiss the indictment on the ground of vindictive prosecution. He contended that the State brought the felony charges to retaliate against him for asserting his right to trial. Pete further asserted that even if the prosecutor had not subjectively intended to retaliate against him, the existing facts (that is, the sequence of events we have just described) gave rise to a legal presumption of prosecutorial vindictiveness.

In opposition to Pete's motion, the State contended that the existing facts did not give rise to a presumption of vindictiveness, and that Pete had otherwise failed to substantiate his allegation of vindictiveness.

After the parties submitted their pleadings, the superior court held several hearings on this matter. At a hearing on July 18th, the court and the parties discussed whether an evidentiary hearing was necessary, but no decision was made. The parties returned to court on July 26th to continue discussing whether an evidentiary hearing was necessary. At that time, both the State and Pete told the court that no evidentiary hearing was needed — but for quite different reasons. The State argued that no hearing was

necessary because the facts recited in Pete's pleadings were insufficient to prove actual vindictiveness or to raise a presumption of vindictiveness. Pete, on the other hand, argued that no hearing was necessary because the existing facts already established a prima facie case that the State had acted vindictively.

The superior court issued its written decision about two months later. The court ruled that the existing facts gave rise to a presumption of prosecutorial vindictiveness because the State did not file the felony assault charges until after Pete declared that he wished to go to trial on the misdemeanor charge. And based on this presumption of vindictiveness, the court dismissed the felony charges because the State had "offered no explanation for its actions other than a bald assertion of prosecutorial discretion."

A few days later, the State sought reconsideration of this decision on two grounds. First, the State argued that the superior court was mistaken as to whether the facts of Pete's case gave rise to a presumption of prosecutorial vindictiveness. But second, the State pointed out that even if the superior court was right about the presumption of vindictiveness, this presumption was rebuttable — and, thus, the State should be given an opportunity to present evidence that its charging decision was not the result of vindictiveness.

In support of this second argument, the State submitted a nine-page affidavit from the prosecutor assigned to Pete's case. This affidavit gave a detailed chronology of Pete's case: it explained that the State was considering felony charges early in the case, and it offered an explanation as to why the State did not take the felony charges to the grand jury until March. In other words, the affidavit was basically an offer of proof regarding the evidence that the State would present at an evidentiary hearing on the question of vindictiveness.

The superior court denied the State's motion for reconsideration in a one-page order. The court's order did not address the State's argument that the court was mistaken as to whether the facts of Pete's case gave rise to a presumption of prosecutorial vindictiveness. Instead, the court's order was entirely addressed to the State's second argument: that the State should now be given an opportunity to rebut the presumption of vindictiveness.

On this question, the superior court noted that, at the July 18th hearing, the State's attorney had told the court that no evidentiary hearing was required. Based on this fact, the superior court declared that the State had already been "[g]iven the opportunity to present evidence to the court ... on Pete's motion", and that "the State declined [this opportunity]". The superior court therefore concluded that it was "inappropriate" for the State to now "attempt to present evidence in rebuttal of the [court's] finding of [prosecutorial vindictiveness]".

*The facts of this case do not give rise to a presumption of prosecutorial vindictiveness*

The government violates a defendant's rights under the due process clause if the government makes or alters a charging decision for the purpose of vindictively punishing the defendant for exercising a legally protected right. [1]

In Alaska, the leading case on the issue of vindictive prosecution is *Atchak v. State*, 640 P.2d 135 (Alaska App. 1981). Under *Atchak*, a defendant can litigate a claim of prosecutorial vindictiveness in two different ways. First, the defendant can establish actual vindictiveness by presenting direct evidence that the charging decision was

---

[1]     *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

purposely made to punish the defendant for exercising legal rights. If the defendant proves actual vindictiveness, then the vindictive charging decision must be reversed. [2]

Alternatively, the defendant can establish "apparent" vindictiveness by proving facts that give rise to a "realistic likelihood of vindictiveness". This likelihood of vindictiveness gives rise to a presumption that the government's charging decision was vindictive, and the defendant is entitled to relief unless the government affirmatively rebuts this presumption with evidence establishing a non-vindictive explanation for the charging decision. [3]

But this Court held in *Dyer v. State*, 666 P.2d 438 (Alaska App. 1983), that no presumption of vindictiveness attaches to the government's *pre-indictment* decision to charge a defendant with more serious crimes.

In *Dyer*, the State initially charged the defendant with assault with a dangerous weapon (under the pre-1980 criminal code), and then requested that Dyer waive grand jury indictment. [4] After Dyer refused to waive his right to indictment, the State presented Dyer's case to the grand jury and secured an indictment for the more serious felony of shooting with intent to kill, wound, or maim. [5]

Dyer asked the superior court to dismiss this greater charge, claiming that the State had increased the charge for the purpose of retaliating against him for asserting

---

[2]    *Atchak*, 640 P.2d at 143; *see also United States v. Goodwin*, 457 U.S. 368, 380 n. 12; 102 S.Ct. 2485, 2492 n. 12; 73 L.Ed.2d 74 (1982).

[3]    *Atchak*, 640 P.2d at 144-45; *see also United States v. Goodwin*, 457 U.S. 368, 375-76; 102 S.Ct. 2485, 2490; 73 L.Ed.2d 74 (1982).

[4]    *Dyer*, 666 P.2d at 441-42.

[5]    *Id*. at 442.

his right to grand jury indictment. [6] The superior court refused to dismiss the greater charge, and, on appeal, this Court affirmed the superior court's decision.

Relying on the United States Supreme Court's discussion of this same issue in *United States v. Goodwin*, [7] this Court explained in *Dyer* that the doctrine of presumed vindictiveness

> [should] not apply ... [when] evaluating a ... pretrial charge increase after a defendant's demand for a jury trial. The prosecutor should remain free before trial to exercise the broad discretion entrusted to him ... . [The prosecutor's] initial [charging] decision should not freeze future conduct. Moreover, there are certain advantages in avoiding a rule that would compel prosecutors to attempt to place every conceivable charge against an individual on the public record from the outset.

*Dyer*, 666 P.2d at 442-43. Based on these principles, this Court held in *Dyer* that an increase in the charges against a defendant does not give rise to a presumption of vindictiveness "when the change in the charges is made prior to, or at the time of, the initial indictment." *Id.* at 443.

A few years later, in *Norbert v. State*, 718 P.2d 160 (Alaska App. 1986), this Court again rejected a claim of vindictive prosecution in a case where the State indicted the defendant on felony charges after the defendant had asserted "his right to a jury trial on misdemeanor offenses." *Id.* at 162. We repeated what we said in *Dyer* — that there was "no reason to apply a presumption [that] vindictive prosecution has taken place when charges are increased prior to, or at the time of, the original indictment." *Ibid*, quoting *Dyer*, 666 P.2d at 443.

---

[6] *Ibid.*

[7] 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982).

In Pete's case, the superior court acted contrary to our holdings in *Dyer* and *Norbert* when the court ruled that the facts of Pete's case gave rise to a presumption of prosecutorial vindictiveness.

As we have explained, Pete was initially charged with misdemeanor assault in a complaint filed by the local village public safety officer. But at Pete's arraignment in the district court, the prosecutor informed Pete that the State intended to take his case to the grand jury and seek an indictment for felony assault.

The State did not immediately take Pete's case to grand jury, and so, two months later, the district court held a trial call on the pending misdemeanor assault charge. At this trial call, Pete's attorney declared that he was ready for trial. But two days after this trial call, the district attorney's office filed a felony information against Pete, and the grand jury subsequently indicted Pete on two counts of felony assault.

Given these facts, Pete's case is governed by *Dyer* and *Norbert*: the State increased the charges against Pete before the initial indictment was issued — and, under Alaska law, a pre-indictment increase in charges does not give rise to a presumption of vindictiveness.

In its decision, the superior court reasoned that a presumption of vindictiveness was warranted because the State initiated the felony charges after Pete announced that he was ready for trial on the misdemeanor charge. But this is exactly the situation that was presented in *Norbert*, where we held that no presumption of vindictiveness arose from the filing of felony charges even after the defendant asserted his right to jury trial on pending misdemeanor charges. 718 P.2d at 162.

For this reason, the superior court was wrong when it declared that the facts of Pete's case gave rise to a presumption of prosecutorial vindictiveness. We reverse the superior court's ruling on this issue.

*The superior court's procedural error, and why we must remand this case to the superior court for further proceedings on Pete's prosecutorial vindictiveness claim*

As we have explained, the superior court held several hearings on Pete's prosecutorial vindictiveness claim. At two of these hearings, the court and the parties discussed whether it was necessary for the court to hold an evidentiary hearing to resolve Pete's claim.

Both the State and Pete told the superior court that they did not intend to present any evidence — but for quite different reasons. The State's attorney told the court that the State did not need to present any evidence because the facts recited in Pete's pleadings were insufficient to prove actual vindictiveness or to raise a presumption of vindictiveness. Pete's attorney, on the other hand, argued that Pete did not need to present any evidence because the existing facts already established a prima facie case that the State had acted vindictively.

The superior court issued its written decision some two months later. As we have already described, the court mistakenly ruled that the existing facts gave rise to a presumption of prosecutorial vindictiveness. The court then declared that the felony charges should be dismissed because the State had "offered no explanation" for pursuing the felony charges "other than a bald assertion of prosecutorial discretion."

A few days later, the State asked the superior court to reconsider its decision. In its motion for reconsideration, the State pointed out that even if the superior court was right about the presumption of vindictiveness, this presumption was rebuttable — and, thus, the State should be given an opportunity to present evidence that its charging decision was not the result of vindictiveness.

The superior court denied the State's motion for reconsideration because, at the earlier hearing, the State's attorney had told the court that the State did not intend

to present any evidence. Based on this fact, the superior court declared that the State had already been "[g]iven the opportunity to present evidence to the court", and that "the State [had] declined [this opportunity]", thus making it "inappropriate" for the State to now present evidence on the question of prosecutorial vindictiveness.

This ruling — that the State was procedurally barred from introducing evidence on the question of prosecutorial vindictiveness — was error.

The litigation up to that point had focused on the question of which party bore the burden of going forward with evidence. Both sides took the position that they were not required to present any evidence because the *other side* bore the burden of going forward. After hearing the parties' arguments, the superior court simply took this matter under advisement. The court did not warn the parties that they should present their evidence anyway, in case the court later ruled against them on the question of who bore the burden of proof.

Given this procedural posture, no matter which way the superior court ruled on the question of who bore the burden, the court was obliged to offer the losing party a chance to present evidence.

As it happens, the superior court mistakenly ruled that the facts gave rise to a presumption of vindictiveness that ran against the State. But even if the superior court had correctly decided this question — *i.e.*, even if the court had ruled that there was no presumption of vindictiveness, and that Pete bore the burden of affirmatively establishing actual prosecutorial vindictiveness — the same obligation of procedural fairness would have required the court to give Pete an opportunity to offer any case-specific evidence he might have to support his assertion of actual vindictiveness.

For this reason, we can not simply reverse the superior court's decision and reinstate the felony charges against Pete. Now that we have clarified that there is no presumption of vindictiveness in this case, and that Pete bears the burden of affirmatively

proving actual prosecutorial vindictiveness, Pete must be given an opportunity to litigate this issue if he has evidence to support his position.

*Conclusion*

We REVERSE the superior court's ruling that the facts of Pete's case give rise to a presumption of prosecutorial vindictiveness. The facts of Pete's case do not give rise to a presumption of vindictiveness, and Pete therefore bears the burden of proving actual vindictiveness.

To allow Pete an opportunity to meet this burden of proof, we REMAND Pete's case to the superior court so that Pete can litigate the question of actual vindictiveness. If Pete offers evidence which, if believed, would be sufficient to establish actual prosecutorial vindictiveness, then the superior court should hold an evidentiary hearing to resolve Pete's claim.

We do not retain jurisdiction over this case.