NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| JIMMY RODGERS AKETACHUNAK, | Court of Appeals No. A-13603 |
| Appellant, | Trial Court No. 4EM-19-00011 CR |
| v. | |
| | **O P I N I O N** |
| STATE OF ALASKA, | |
| Appellee. | No. 2797 — January 31, 2025 |

Appeal from the Superior Court, Fourth Judicial District, Bethel, William T. Montgomery, Judge.

Appearances: Michael Horowitz, Law Office of Michael Horowitz, Kingsley, Michigan, under contract with the Office of Public Advocacy, Anchorage, for the Appellant. Alex Engeriser, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Wollenberg, Harbison, and Terrell, Judges.

Judge WOLLENBERG.

Jimmy Rodgers Aketachunak was convicted of one count of third-degree recidivist assault and one count of first-degree unlawful contact for attacking his girlfriend at a time when he was prohibited by his probation conditions from contacting

her.[1] The State initially charged Aketachunak with only third-degree assault, but on the Friday before the scheduled trial, the State filed an additional information charging Aketachunak with misdemeanor unlawful contact. On the day of trial, Aketachunak's attorney objected to proceeding to trial on the unlawful contact charge, and the court offered Aketachunak a continuance. Aketachunak declined the continuance and proceeded to trial on both charges.

On appeal, Aketachunak argues that the filing of the additional charge violated Alaska Criminal Rule 7(e). We reject this argument because Criminal Rule 7(e) does not apply to the circumstances at issue here. We also conclude that, under the circumstances of this case, Aketachunak has failed to show that he was prejudiced by the addition of the unlawful contact charge. We therefore affirm the judgment of the superior court.

*Underlying facts*

Jimmy Aketachunak and Janel Prince lived in Kotlik and were engaged in an "off and on" relationship. In January 2019, Prince was living with her sister. Aketachunak was on probation for a prior assault conviction against Prince — having only recently been released from custody — and one of his conditions of probation prohibited him from contacting Prince unless she requested the contact and Aketachunak's probation officer approved the contact. According to Prince's sister, Aketachunak would nonetheless sometimes stay at their home.

On the evening of January 22, 2019, Prince and Aketachuank were at the home, along with Prince's sister and her cousin. At some point in the evening, Aketachunak and Prince kicked her cousin out of the house, and Prince's sister went for

---

[1] AS 11.41.220(a)(5) and AS 11.56.750(a)(1)(A), respectively.

a walk.  According to Prince's sister, when she returned, she found Aketachunak on top of Prince, yelling at her.  Prince had a bloody face, swollen lips, and an eye that was almost swollen shut.

Based on this incident, Aketachunak was charged with one count of third-degree recidivist assault (a felony).[2]  On January 30, 2019, a grand jury indicted him on this charge.  A separate petition to revoke probation was filed against Aketachunak alleging, *inter alia*, that he violated his probation by having contact with Prince.[3]

*The filing of the unlawful contact charge*

Aketachunak was arraigned on the grand jury indictment on February 5, 2019.  In the months leading up to trial, Aketachunak repeatedly refused to consent to a continuance of the trial date and demanded a speedy trial under Alaska Criminal Rule 45.[4]  In early July, the court scheduled trial for July 29, with a status hearing on July 23.

On July 23, both parties declared that they were ready for trial, and trial was set to proceed on July 29.  But on Friday, July 26 — the Friday before trial on Monday — the State filed a new information charging Aketachunak with misdemeanor unlawful contact for having contact with Prince without the approval of his probation officer on the same day he assaulted Prince.[5]  At a status hearing that day, Aketachunak was

---

[2]  AS 11.41.220(a)(5) & (e).

[3]  The same attorney represented Aketachunak on both the new case and the petition to revoke probation.

[4]  *See* Alaska R. Crim. P. 45(b) & (d)(2).

[5]  AS 11.56.750(a)(1)(A).  In Alaska, felonies must be charged in an indictment and presented to a grand jury; misdemeanors can be charged through an information and do not

(continued...)

arraigned on the new charge. Despite the filing of a new charge, Aketachunak's attorney stated that Aketachunak wanted to go to trial on Monday and that they were ready to proceed to trial. He did not ask the court to sever the charges or take any other action with respect to the new charge.

When the parties arrived at court the following Monday, Aketachunak's attorney objected to proceeding on the misdemeanor unlawful contact charge. He argued that the additional charge injected new issues into the case — specifically a *Miranda* issue and a potential necessity defense that required further investigation.[6] He argued that the State could bring the charge in a separate case, but that it was fundamentally unfair to proceed with it at that time since he had not had an opportunity to "develop motions" in relation to that count.

The State interpreted defense counsel's request as a motion to sever the charges. The State opposed this request and asked to proceed to trial immediately on both charges.

The court ruled that the *Miranda* issue could be litigated at an evidentiary hearing the next morning and that the ten-day notice requirement for the necessity defense would be waived.[7] The court also ruled that it would allow Aketachunak to request a continuance of the trial to investigate the defense, if he desired.[8]

---

[5] (...continued)
need to be presented to a grand jury. Alaska Const. art. I, § 8; Alaska R. Crim. P. 7(a).

[6] The proposed necessity defense apparently related to the fact that the weather was very cold at the time of the incident.

[7] *See* Alaska R. Crim. P. 16(c)(5) (requiring a defendant to provide notice, no later than ten days prior to trial, of their intent to rely on an affirmative defense, unless a different date is set by the court).

[8] The trial court declined Aketachunak's request to make findings as to why the State
(continued...)

The court then cited to Alaska Criminal Rule 7(e), stating that the additional charge was permitted under that rule because the rule "permit[s] an indictment or information to be [amended] at any time before the verdict."[9] The court ruled that, if Aketachunak did not want a continuance, trial would proceed on both charges.[10]

---

[8] (...continued)
"wait[ed] until the last minute to file" the new charge. In his opening brief, Aketachunak asserts in passing that the State should not be permitted to add new charges on the eve of trial absent good cause for doing so. We agree with Aketachunak that the trial court was entitled to assume that, once the parties declared that they were ready for trial, the State would not file new charges absent good cause for doing so. Here, the information underlying the unlawful contact charge appears in the original complaint, and the State offered no explanation for filing the unlawful contact charge on the Friday before trial, after declaring earlier in the week that it was ready for trial.

That said, Aketachunak does not raise this as an independent claim, and we therefore do not have adversarial briefing as to whether, and to what extent, a trial court can take into account the State's good faith and diligence when fashioning a remedy for a charge filed under these circumstances. *Cf.* Alaska R. Crim. P. 45(c)(3) (providing that, even when a new charge arising out of the same criminal episode is based on evidence not available to the prosecution at the time of the commencement date for the original charge, the prosecution must have "acted with due diligence in investigating and bringing the new charge" in order for the Rule 45 speedy trial commencement date for the original charge to be the same as the commencement date for the new charge); *State v. D.F.W.*, 259 A.3d 307, 316-17 (N.J. Super. App. Div. 2021) (reversing trial court's decision to extend speedy trial time under state law in part because the information had been known to the State when it obtained the initial indictment and the State failed to act with reasonable promptness in securing the superseding indictment and did not explain the delay). We therefore do not further address this issue.

[9] The trial transcript indicates that the trial judge said "admitted" instead of "amended," but he was quoting Criminal Rule 7(e), which says "amended."

[10] Defense counsel did not raise a concern about Aketachunak's right to a speedy trial under Criminal Rule 45. But we note that a period of delay resulting from a continuance granted at the request of the defense tolls the defendant's speedy trial clock under Criminal Rule 45. *See Pub. Def. Agency v. Superior Ct.*, 530 P.3d 604, 609-10 (Alaska App. 2023) (interpreting Alaska Criminal Rule 45(d)(2)). Thus, the trial court's ruling put Aketachunak
(continued...)

After consulting with Aketachunak, Aketachunak's attorney declined the court's offer of a continuance to investigate the potential necessity defense and instead decided to proceed to trial as scheduled. At the evidentiary hearing the next morning, the State asserted that it did not intend to introduce any of Aketachunak's statements, and Aketachunak therefore withdrew his *Miranda* motion.

*Trial proceedings*

At trial, Janel Prince and her sister testified for the State, along with a village public safety officer who had responded to Prince's home the day after the incident and found Aketachunak hiding behind a mattress. The State introduced, under Alaska Evidence Rule 404(b)(1) and (b)(4), testimony regarding Aketachunak's prior assault (the immediately preceding assault for which he was on probation).

With respect to the unlawful contact charge, the State introduced a redacted copy of the judgment from the case on which Aketachunak was on probation, which contained the no-contact provision, and a probation officer testified that there was no record of any probation officer authorizing contact between Prince and Aketachunak.

Aketachunak testified in his own defense. He denied assaulting Prince, but admitted to violating the no-contact order. In closing argument, Aketachunak's attorney argued that Prince had sustained her injuries while pushing her cousin — who was intoxicated and hostile — out of the door that night. The attorney conceded the unlawful contact charge.

---

[10] (...continued)
in a difficult position: he could either request a continuance, which would toll the speedy trial clock on the assault charge for which he was originally indicted and for which he had been demanding a trial, or he could go to trial on a charge his attorney stated he was not prepared to defend.

The jury found Aketachunak guilty of fourth-degree assault and unlawful contact. Aketachunak waived his right to a jury trial as to his prior convictions and stipulated that he had two prior qualifying assault convictions. Aketachunak was therefore convicted of third-degree recidivist assault. Aketachunak now appeals his unlawful contact conviction.[11]

### *Why we conclude that Alaska Criminal Rule 7(e) does not apply to the filing of new charges*

On appeal, Aketachunak argues that the State's addition of the unlawful contact charge violated Alaska Criminal Rule 7(e). Aketachunak's argument appears to derive from the trial court's ruling that the additional charge was permitted under Rule 7(e) (although the parties themselves did not base their arguments on Rule 7(e) in the trial court).

Alaska Criminal Rule 7(e) is entitled, "Amendment of Indictment or Information," and it defines the boundaries of an acceptable amendment to a charging document. The rule prohibits the court from allowing an amendment to an indictment or information that results in the charging of an "additional or different offense":

> The court may permit an indictment or information to be amended at any time before the verdict or finding *if no additional or different offense is charged* and the substantial rights of the defendant are not prejudiced. (Emphasis added.)

There is a sound rationale for precluding the State from altering a charging document to such an extent that it encompasses an "additional or different offense." In the case of indictments, the State cannot amend an existing indictment to charge a new

---

[11] Aketachunak does not appeal his third-degree assault conviction.

felony offense without returning to the grand jury.[12]  And in the case of an information, the State similarly cannot unilaterally amend an existing charging document to charge a new offense because doing so would circumvent the need for an arraignment on the new charge, at which the defendant is formally presented with the new charge and if necessary, the court assesses whether there is probable cause to proceed on the charge.[13]

In this case, the basis for the trial court's determination that Criminal Rule 7(e) authorized the filing of the new charge is unclear.  The unlawful contact charge was an "additional" offense, and thus, to the extent Criminal Rule 7(e) applies here, we would agree with Aketachunak that it would *prohibit* — not permit — the State from adding the unlawful contact charge.

The State argues, however, that the trial court's reliance on the rule was mistaken, and that Criminal Rule 7(e) does not apply to the situation in this case.  We agree with the State that Criminal Rule 7(e) does not apply, though we do so for a different reason.

The State contends that Criminal Rule 7(e) does not apply prior to trial.  But Criminal Rule 7 covers the use and content of an indictment or information and is contained in Part III of the Criminal Rules, which sets out the rules relating to pretrial

---

[12]  *Cameron v. State*, 171 P.3d 1154, 1156 (Alaska 2007) ("[F]elony charges must be initiated by grand jury indictment unless the defendant waives indictment." (citing Alaska Const. art I, § 8)); *see also Bell v. State*, 716 P.2d 1004, 1005 (Alaska App. 1986) (holding that the trial court erred, under Criminal Rule 7(e), in allowing the State to amend the indictment on the morning of trial to expand the date range of the charged assault and thus include an additional assaultive act for which the jury might have convicted the defendant).

[13]  *See* Alaska R. Crim. P. 5(c), (d)(1); *see also* 5 Wayne R. LaFave, *Criminal Procedure* § 19.5(b), at 376 (4th ed. 2015) (recognizing the role of the "different-offense" prohibition in Criminal Rule 7(e) "as an attempt to protect the role of the agency that screened the charge, whether the grand jury in the case of an indictment or the magistrate in the case of an information").

procedures like grand jury. Criminal Rule 7(e) governs the "amendment" of an indictment or information, and uses the word "finding" in addition to "verdict," suggesting that it is not limited to the trial context. And the purpose that Criminal Rule 7(e) is designed to serve underscores that it *must* apply prior to trial; indeed, this Court has previously applied Criminal Rule 7(e) in the pretrial context.[14] We therefore disagree with the State's contention that Criminal Rule 7(e) is solely a trial rule.

That said, even though Criminal Rule 7(e) applies prior to trial, we conclude that the rule is nonetheless inapplicable to the circumstances here — *i.e.*, when the State has filed a *new* charge prior to trial. Rather, Rule 7(e) applies only when the State *amends* a charge in an *existing* indictment or information.

---

[14] *See, e.g.*, *Helmic v. State*, 1995 WL 17221310, at *2 (Alaska App. Sept. 27, 1995) (unpublished) (concluding that the trial court did not err, under Criminal Rule 7(e), in allowing a pretrial amendment to the indictment expanding the date range of a continuing offense, scheme to defraud); *Wise v. State*, 2018 WL 3301811, at *5 (Alaska App. July 5, 2018) (unpublished) (concluding that the trial court's pretrial correction of a scrivener's error in the charging document did not violate Criminal Rule 7(e)).

We acknowledge that some language in our decision in *Jackson v. State* could be read to imply that Criminal Rule 7(e) is solely a trial rule. *See Jackson v. State*, 342 P.3d 1254, 1258 (Alaska App. 2014). But we never stated this expressly and such a conclusion would have been unnecessary to our decision, which was addressing a potential mid-trial amendment. *Id.* Moreover, as we noted, any implication to that effect is inconsistent with case law. *See* LaFave, *Criminal Procedure* § 19.5(b), at 369-70 (discussing the prejudice prong of Federal Criminal Rule 7(e) (which is the dominant model standard) in relation to amendments made both prior to trial and during trial). *Compare Kelley v. State*, 539 N.E.2d 8, 8-9 (Ind. 1989) (concluding that under Indiana's analogous rule, there was no reversible error when the State amended the charge four days prior to trial to allege injury with a knife rather than a gun), *with People v. Jefferson*, 934 P.2d 870, 871-72 (Colo. App. 1996) (concluding that, under Colorado's analogous Criminal Rule 7(e), the trial court committed reversible error by granting the prosecutor's motion, at the close of trial, to add an additional theory of assault to the jury instruction defining the charged offense).

Interpreting its analogous rule, the Maryland Court of Appeals (now renamed the Maryland Supreme Court) has explained how "amendments" differ from new charges:

> "Amendments" contemplated by [the rule] are changes, alterations, or modifications to an *existing* charge in an *existing* charging document. Bringing new charges by new charging documents are not amendments. It is generally recognized that the word amendment implies something upon which the change, correction, alteration, or reformation can operate, something to be reformed, corrected, rectified, or altered. Logic and reason would dictate that a criminal defendant should have the right to preclude the State from making material changes to an existing charge.[15]

Thus, the Maryland court ruled that Maryland's equivalent of Criminal Rule 7(e) was not implicated by the return of a new indictment on six additional charges less than two weeks prior to trial.[16]

We reach the same conclusion as to Alaska Criminal Rule 7(e). The language of our rule is similar to the corresponding federal rule, and the Ninth Circuit has held that the addition of a new charge is "not tantamount" to an amendment, and

---

[15]  *Tracy v. State*, 573 A.2d 38, 40 (Md. 1990) (emphasis added); *see also United States v. Cusmano*, 659 F.2d 714, 718 (6th Cir. 1981) ("An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." (quoting *Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969))); *State v. Bakdash*, 830 N.W.2d 906, 915 (Minn. App. 2013) ("An amendment of an indictment occurs when the state or the court alters the charging terms of the indictment after the grand jury has finally passed on them." (quoting *State v. Pettee*, 538 N.W.2d 126, 131 (Minn. 1995))).

[16]  *Tracy*, 573 A.2d at 40.

"[s]uperseding accusatory instruments can contain additional counts not charged in prior instruments" without implicating Rule 7(e).[17]

There is nothing in the history of our rule that suggests it was intended to govern the filing of *new* charges. An earlier version of the Alaska rule allowed the prosecution to amend an indictment or information only for the purpose of correcting errors "in form" or "in the manner of describing the offense," or in the defendant's name.[18] This earlier version was modified in response to the Alaska Supreme Court's decision in *McGahan v. State*.[19] In *McGahan*, the supreme court held that a change to an existing charging document had gone beyond a mere "error in form" and thus violated Criminal Rule 7(e), but was nevertheless non-prejudicial and harmless.[20]

---

[17] *See United States v. Talbot*, 51 F.3d 183, 186 (9th Cir. 1995) (holding that Federal Criminal Rule 7(e) did not apply to the filing of a superseding accusatory instrument — an information — containing a new charge because the addition of a new charge "was not tantamount to amending an information" and "[s]uperseding accusatory instruments can contain additional counts not charged in prior instruments").

Federal Criminal Rule 7(e) only applies to informations, not indictments. *See United States v. Jabr*, 4 F.4th 97, 104 (D.C. Cir. 2021). The rule provides: "Unless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding."

[18] The earlier version of the rule provided: "*If any error in form shall exist in any indictment or information or in the manner of describing the offense, or if a defendant is indicted by a fictitious or erroneous name and afterwards his true name is discovered*, the court may permit the indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced." *See* SCO No. 483 (effective Nov. 2, 1981) (emphasis reflects the additional language no longer in effect).

[19] *McGahan v. State*, 606 P.2d 396 (Alaska 1980).

[20] *Id.* at 397-98 (concluding that the State's amendment of a complaint charging "attempting to destroy evidence" to include "attempting to destroy *and conceal* evidence"

(continued...)

Following *McGahan*, the Criminal Rules Committee recommended that Criminal Rule 7(e) be amended to delete the requirement that the amendment be related only to an "error in form" or similar type error, and instead authorize amendments so long as no additional or different offense is charged by the amendment and the substantial rights of the defendant are not prejudiced.[21] The supreme court accepted that recommendation and adopted the rule in its current form.[22] But nothing about this change suggests that the supreme court intended to expand the definition of "amended" to include new charging documents.

Furthermore, if the rule did apply to new charging documents, it would essentially prohibit the government from ever filing new charges in an ongoing criminal case, regardless of the timing before trial. This would be a significant and unexplained departure from common practice.[23] (Of course, once trial has begun, other protections

---

[20] (...continued)
was not an "error in form" and therefore violated Rule 7(e), but did not prejudice the defendant and was therefore harmless (emphasis added)).

[21] *See* Letter from James D. Gilmore, Standing Advisory Committee on Criminal Rules, to Grant Callow, General Counsel, Alaska Court System (June 9, 1980); Memorandum from Grant Callow, General Counsel, Alaska Court System, to the Standing Advisory Committee on Criminal Rules (May 19, 1980). Both the letter and the memorandum are contained in the Rule History File for Supreme Court Order No. 483, on file with the Court Rules Attorney.

[22] This new language was intended to track the language in Federal Criminal Rule 7(e) (with the exception being that the federal rule only applies to an information and not to an indictment). *Compare* Alaska R. Crim. P. 7(e) *with* Fed. R. Crim. P. 7(e). *See* Letter from James D. Gilmore and Memorandum from Grant Callow, *supra* n.21.

[23] *See, e.g.*, *Ramsey v. State*, 834 P.2d 811, 813-14 (Alaska App. 1992) (rejecting prosecutorial vindictiveness claim based on the State's decision to reindict for more serious charges one week prior to the date of trial); *Dyer v. State*, 666 P.2d 438, 442 (Alaska App. 1983) (noting that it is a "normal" part of the criminal justice process for a reassessment
(continued...)

would preclude the State from actually adding a new charge, whether through amendment of an existing charging document or by filing a new charging document.[24])

Here, the State did not seek to add new charges by making changes to the original indictment. The State instead filed a new misdemeanor information — an entirely separate charging document, containing a new and different charge.[25]

---

[23] (...continued)
of the charging decision to occur at "certain critical junctures," such as after a preliminary hearing); *Nicori v. State*, 2021 WL 6065313, at *5 (Alaska App. Dec. 22, 2021) (unpublished) ("[T]he State is generally allowed to reevaluate charging decisions, especially charging decisions that are made as it is still collecting evidence[.]"); *see also United States v. Begay*, 602 F.3d 1150, 1154 (10th Cir. 2010) (recognizing that "absent prejudice to the defendant, a superseding indictment may be filed at any time before trial" (internal quotations and alteration omitted)); *United States v. Talbot*, 51 F.3d 183, 186 (9th Cir. 1995) ("Superseding accusatory instruments can contain additional counts not charged in prior instruments.").

[24] *See Jackson v. State*, 342 P.3d 1254, 1259 (Alaska App. 2014) (recognizing that the remedy of reindictment is no longer available once trial has commenced), *aff'd on reh'g*, 347 P.3d 126, 127 (Alaska App. 2015) (suggesting that adding an additional charge mid-trial would not comport with due process). We have approved of mid-trial amendments that do *not* charge a new or different offense and that do not substantially prejudice the defendant. *See, e.g.*, *Weaver v. State*, 2001 WL 1388901, at *2-3 (Alaska App. Nov. 7, 2001) (unpublished); *Brown v. State*, 2017 WL 2894138, at *4-5 (Alaska App. July 5, 2017) (unpublished).

[25] We acknowledge that the misdemeanor information was titled "Information Adding Misdemeanor Count to Indictment." This title might explain why the superior court concluded that the document was an "amendment" subject to Criminal Rule 7(e). But a document's title is not determinative as to its effect. *Shorthill v. State*, 354 P.3d 1093, 1113 (Alaska App. 2015) ("[T]he character of a pleading is determined by its subject matter and not its designation." (quoting *Crawford v. State*, 337 P.3d 4, 15 (Alaska App. 2014))). Here, despite the title's assertion that the document was "adding" a misdemeanor count to the indictment, the document was for all practical purposes a new misdemeanor information, not an amendment to the existing indictment (which would not be permissible without returning
(continued...)

Aketachunak was arraigned on the new charge the Friday before trial. This was not an "amendment" within the meaning of Criminal Rule 7(e), and we therefore conclude that Rule 7(e) did not prohibit the State from filing the additional misdemeanor information in this case.

*Why we conclude that Aketachunak has not established prejudice under the circumstances of this case*

Although our conclusion regarding the inapplicability of Rule 7(e) is sufficient to resolve the issue Aketachunak raises on appeal, we note that Aketachunak also argues that he was prejudiced by the timing of the State's additional charge. Because Aketachunak lists only a single issue in the "Issues Presented" portion of his brief — contending that the trial court misapplied Criminal Rule 7(e) — it is not clear whether Aketachunak is raising an independent claim of prejudice separate from his Rule 7(e) argument. We will nonetheless address it.

Having reviewed the record, we reject Aketachunak's assertion of prejudice given the particular facts of this case. When this issue was litigated in the trial court, Aketachunak claimed that the new charge was prejudicial because it injected two new issues into the case: a *Miranda* issue that needed to be briefed and argued, and a potential necessity defense that required further investigation. But Aketachunak withdrew his *Miranda* motion after the State indicated that it did not intend to introduce any of Aketachunak's statements. And with regard to the necessity defense, the State agreed to waive the notice requirement and the court offered Aketachunak a continuance, which Aketachunak declined. Then, at trial, Aketachunak admitted during his testimony

---

[25] (...continued)
to the grand jury).

that he had violated his probation by having contact with Prince, and defense counsel conceded that Aketachunak had committed the crime of unlawful contact.

On appeal, the only argument Aketachunak presents as to why a continuance was inadequate to cure any prejudice is a *new* claim of prejudice: he asserts that he had already subpoenaed witnesses and that defense counsel had already traveled to Bethel for the trial, and that it was unfair to make Aketachunak and his attorney choose between continuing the trial or proceeding with trial as scheduled.

With respect to counsel's travel, we note that Aketachunak was arraigned on the unlawful contact charge on the Friday before trial, and Aketachunak's attorney (who appeared by telephone) nonetheless stated that he was ready for trial, knowing that he was going to fly out to Bethel for trial on Monday. He did not object to the addition of the new count until he had already arrived in Bethel for trial. And with respect to the fact that Aketachunak had already subpoenaed witnesses, since he did not raise this claim in the trial court, the factual support for this assertion was never developed, and the superior court never ruled on this claim of prejudice.

For these reasons, we reject Aketachunak's claim of prejudice.

We note, however, that there was an option available to the court that would have better addressed Aketachunak's specific objections in the trial court. The superior court had the discretion under Alaska Criminal Rule 14 to sever the unlawful contact charge from the assault charge, as Aketachunak requested. This result would have allowed the parties to proceed to trial on the assault charge as planned while also allowing Aketachunak's attorney to investigate the new charge, including any relevant defenses or evidentiary issues.[26] But even assuming *arguendo* that the trial court should

---

[26] Indeed, under Alaska Criminal Rule 5(f)(2), when a defendant pleads "not guilty" at a misdemeanor arraignment, a judicial officer is required to "fix a date for trial at such time

(continued...)

– 15 – 2797

have severed the charges, Aketachunak has failed to show prejudice, as would be necessary for reversal under these circumstances.[27]

*A final note on adding charges on the eve of trial*

We are careful to note that our rejection of Aketachunak's claim does not mean that the government has unfettered discretion to file new charges on the eve of trial over a defendant's objection.[28] There are at least three potential limitations on such conduct.[29]

First, "[t]he government violates a defendant's rights under the due process clause if the government makes or alters a charging decision for the purpose of

---

[26] (...continued)
as will afford the defendant a reasonable opportunity to prepare."

[27] *See Guthrie v. State*, 222 P.3d 890, 895 (Alaska App. 2010) ("When a trial court commits error by improperly joining charges for trial, or by failing to grant severance of those charges, the error will require reversal of the defendant's convictions only if the defendant makes a particularized showing of prejudice."); *cf. Tracy v. State*, 573 A.2d 38, 39-40 (Md. 1990) (noting that the defendant was not prejudiced by the joint trial on all the charges — even those added less than a month before trial — because "the charges were so interrelated and bound together by a common scheme that the evidence as to all charges was mutually admissible").

[28] *See United States v. Johnson*, 299 F. Supp. 3d 909, 926-27 (M.D. Tenn. 2018) (noting that although the government has the ability to add new charges at any point before trial, including "on the eve of trial," this "does not mean . . . that the Government's choice to delay seeking an indictment is necessarily without cost").

[29] *United States v. Talbot*, 51 F.3d 183, 185-86 (9th Cir. 1995) (providing that "[t]here are four relevant grounds that provide a district court with the authority to dismiss an information: (1) the Speedy Trial Act; (2) due process; (3) Rule 7(e) of the Federal Rules of Criminal Procedure; and (4) Rule 48(b) of the Federal Rules of Criminal Procedure," which authorizes a court to dismiss a charge if "unnecessary delay" occurs in filing an information or indictment).

vindictively punishing the defendant for exercising a legally protected right."[30]  Second, there are other due process limitations — the government cannot add charges on the eve of trial if doing so would unfairly prejudice a defendant.[31]  Third, defendants have a constitutional and statutory right to a speedy trial, which can be undermined by the late-filing of additional charges.[32]

---

[30]  *State v. Pete*, 351 P.3d 346, 349 (Alaska App. 2015) (citing *Blackledge v. Perry*, 417 U.S. 21 (1974)).  *Pete* addresses prosecutorial vindictiveness in the context of increased charges prior to, or at the time of, the original indictment, which we recognized does not give rise to a presumption of vindictiveness.  *Id.* at 349-50.  For cases involving post-indictment claims of prosecutorial vindictiveness, see *Ramsey v. State*, 834 P.2d 811, 813-14 (Alaska App. 1992); *Atchak v. State*, 640 P.2d 135, 144-51 (Alaska App. 1981).

[31]  *See, e.g.*, *Talbot*, 51 F.3d at 185 (setting out a two-part test to determine whether a delay in charging violated due process:  "(1) the defendant must prove actual, non-speculative prejudice from the delay; and (2) the length of the delay, when balanced against the reason for the delay, must offend those fundamental conceptions of justice which lie at the base of our civil and political institutions" (quoting *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992))); *Davenport v. State*, 696 N.E.2d 870, 871-72 (Ind. 1997) (noting that it was impermissible for the State to add three new charges — felony murder, attempted robbery, and auto theft — on the eve of trial when the defendant had already finished "significant preparation for trial"), *amending in part* 689 N.E.2d 1226, 1229 (Ind. 1997); *see also Klockenbrink v. State*, 472 P.2d 958, 965 (Alaska 1970) ("It is unquestionable that the right to the assistance of counsel of necessity includes the concommitant [sic] right to have a reasonable time in which to prepare for trial.").

[32]  United States Const. amend VI; Alaska Const. art. I, § 11; Alaska R. Crim. P. 45; *see also State v. D.F.W.*, 259 A.3d 307, 317 (N.J. Super. App. Div. 2021) (reversing the trial court's decision to add 180 days to the speedy trial clock under state law based on a superseding indictment, where the State had not shown that additional time was needed to try the new charges, nor had it provided any reason why it was delayed in filing the superseding indictment); *cf. State v. Neudorff*, 489 N.W.2d 689, 692 (Wis. App. 1992) (recognizing that the "[r]ights of the defendant which may be prejudiced by an amendment are the rights to notice, speedy trial and the opportunity to defend").

Here, however, Aketachunak has not argued that he was the subject of vindictive prosecution or that his right to a speedy trial under Alaska Criminal Rule 45 was violated, and to the extent Aketachunak argues, as an independent claim, that he was prejudiced, we have already rejected that claim under the facts of this case. That is, Aketachunak provides no meaningful legal framing of his case beyond Criminal Rule 7(e), and thus the State has not had an opportunity to respond on any of these issues.

We nonetheless note these restrictions so that our decision will not be misread as standing for the proposition that there are no limits on the government's ability to file new charges on the eve of trial.

*Conclusion*

We AFFIRM the judgment of the superior court.

2797